Dunning agt. Thomas.

# SUPREME COURT.

## MARTHA JANE DUNNING agt. WARREN THOMAS.

The theory of the Code in reference to pleading is, that the party pleading knows, or should know, beforehand, what is the truth of his case, and that he should state the truth, and nothing but the truth, in his pleading.

The statement of the case in different forms, for the purpose of guarding against a variance between the allegation and the proof, is no longer necessary. If there is any variance between the allegations and the proofs in any of the details of the case, the party will, upon the trial, be allowed to amend, so as to adapt his pleading to his case as proved, upon such terms as·may be just— provided no new cause of action is stated.

It is impossible, in the nature of the case, that there can be four distinct causes of action in an action for breach of promise of marriage.

And where the complaint in such action stated, *first*, a promise by the defendant to marry the plaintiff upon request; *second*, generally, a promise to marry the plaintiff; *third*, a promise to marry in a reasonable time; and, *fourth*, a promise to marry when the defendant should be disengaged from another,

*Held*, that each of these promises was to be regarded as but a reiteration of the first, only varied in its terms. The complaint was set aside, with costs, with liberty to amend.

*Albany Special Term, March,* 1855.

MOTION to strike out complaint, &c.

The action was brought to recover damages for a breach of promise of marriage. Four causes of action are stated in the complaint. The *first* count states a promise by the defendant to marry the plaintiff when he should be requested so to do. The *second* count states generally a promise to marry. The *third* count states a promise to marry in a reasonable time. The *fourth* count states a promise to marry the plaintiff when the defendant should obtain a release, or discharge from an obligation he was under to marry one Mary Ann Waring, and that he had obtained such release or discharge. In *each* count it is stated that, after making the promise alleged, the defendant had married another person.

The defendant moved to set aside the complaint, or that the plaintiff be required to elect upon which one of the four counts in the complaint she would rely.

In opposition to the motion, the plaintiff's counsel produced an affidavit, stating that each of the promises, stated in the several counts of the complaint, had been made by the plaintiff.

J. W. CULVER, *for plaintiff.*

GEO. G. SCOTT, *for defendant.*

HARRIS, Justice.   It is required of the plaintiff, in every action, that he state the facts which constitute his cause of action in a plain and concise manner, and without unnecessary repetition. In some cases, several causes of action may be united in the same complaint. But the plaintiff is no longer authorized

Dunning agt. Thomas.

to state the same cause of action in different counts, with variations adapted to every possible state of facts which may be developed upon the trial.

The theory of the Code is, that the party pleading knows, or should know, beforehand, what is the truth of his case, and that he should state the truth, and nothing but the truth, in his pleading. The statement of the case in different forms, for the purpose of guarding against a variance between the allegation and he proof, is no longer necessary. The court that tries the issue is now vested with power to allow an amendment of the pleadings whenever the ends of justice require it.

The only restriction upon this power to amend upon the trial is, that the party shall not be allowed to change his pleading to such an extent as to make it present a new cause of action, or ground of defence. If, therefore, a party is able to state truly the substance of his case, when pleading,—(and no one will pretend that he ought to attempt to plead until he is thus able,)—he need not fear defeat on account of any variance between the allegations and proofs in any of the details of the case. He will, upon the trial, be allowed to adapt his pleading to his case as proved, upon such terms as may be just.

The great characteristic of the system of pleading adopted in the Code is, that it is strictly enjoined upon the pleader that he shall state facts, and nothing but facts. It is as much a violation of this requirement to state several causes of action, when but one exists, as to state any other fictitious or imaginary case. The strict application of this principle may sometimes be inconvenient, but the inconvenience is far less than that which resulted from the practice of stating a single cause of action, in different forms, under the pretence that the plaintiff had, in fact, several distinct and different causes of action, to each of which the defendant was obliged to plead, and against each of which he was obliged to be prepared to defend himself. After the plaintiff has stated one cause of action, he ought not to be allowed to proceed to state a "*further cause* of action," when he really has none, any more than he should be permitted to make any other allegation which he knows to be *false*. (*See*

*Stockbridge Iron Co.* agt. *Mellen,* 5 *How.* 439; *Churchill* agt. *Churchill,* 9 *How.* 552; *Lackay* agt. *Vanderbilt,* 10 *How.* 155.)

The application of these principles is fatal to the complaint in this case. From the very nature of the case, it is impossible that the plaintiff can have four subsisting causes of action for the breach of a promise of marriage against the same defendant. It is true, that the defendant may have made all the promises set forth in the complaint. But if so, each promise, after the first, was but a modification of the contract which preceded it, and not a new and independent contract. It is like the case of a building contract, which, after the contract has been made, is modified from time to time by a change in the details of the work. No pleader, in an action upon such a contract, would think of counting upon the original agreement and the subsequent modifications as so many distinct and independent contracts. If at one time the defendant agreed to marry the plaintiff upon request, and, at another time, within a reasonable time, and again, when he should be released from a prior engagement, each of these promises is to be regarded as but a reiteration of the first, only varied in its terms. The last promise made and assented to by the plaintiff, would be the only subsisting contract between the parties, for the breach of which an action could be maintained.

This complaint, therefore, must be set aside, with costs; but with liberty to the plaintiff to serve an amended complaint within twenty days after the notice of this decision.