Camp v. Wilson.

## CAMP v. WILSON.

1. PLEADING: SEVERAL COUNTS. The setting up of different causes of action growing out of the same transaction in separate counts is not prohibited by § 2934 of the Revision of 1860.

*Appeal from Delaware District Court.*

THURSDAY, APRIL 28.

THE petition contains four counts. The first three counts are upon three several and distinct promissory notes made by the defendant to M. and M. Stone, and indorsed to the plaintiff. There is only one count upon each note. The fourth count alleges a sale and delivery by the Messrs Stone, to the defendants of a threshing machine, and an assignment of the account therefor, by them to the plaintiff. The account is for $330, and the three notes in the aggregate amount to the same sum. The petition claims to recover $330, and interest. Prayer for "judgment on

the three first counts or on the fourth count for the sum above claimed with interest." Defendant, under § 2934 of the Revision, filed an affidavit "that counts 1, 2, and 3, and count 4 of the petition were for only one cause of action," and thereupon moved to strike out the 1st, 2d and 3d counts of the petition ; and also a motion to strike out one count in the petition. These motions being overruled, the defendant excepted.

As to the notes, the answer alleged a material alteration, ana as to the account a breach of warranty.

Jury trial and verdict for the plaintiff.

The defendant, after verdict, moved that the costs under § 2934 of Revision be taxed against the plaintiff, which being refused by the Court, the defendant appeals.

*Lyman N. Ingalls* for appellant.

*Brayton & Wattson* for appellees.

DILLON J.—This appeal presents a question involving the construction of § 2934 and 2935 of the Revision. The evidence, not having been brought up by the appellant, we might, perhaps, concede his view that this case falls under § 2934, and yet affirm the ruling of the Court below, on the ground that it does not appear but that the plaintiff did "show on the trial as many distinct causes of action as he had counts or divisions" in his petition. The verdict may have resulted as argued by the appellee, from evidence establishing a portion of each count.

But it is our opinion that § 2934 does not apply to the plaintiff's case. If he had, for example, stated one and the same note in two or more counts, this section would apply, for it prohibits, under the penalty named, "*one* cause of action" from being expressed in more than one statement or count. But it does not prohibit *different* causes from being stated in different counts.

It is true that there cannot be a recovery both on the original consideration, and on the notes given therefor, and yet they are not one and the same cause of action within the meaning of the section above named. The case at bar falls rather within § 2935, which expressly allows the plaintiff, where he is not clear upon which of the transactions he is entitled to recover, to state in his petition, in *distinct* counts, the facts constituting *each* of his causes of actions, and stating also (as the plaintiff in this case substantially did by his prayer) that he claims to recover but for one of such causes. That is, as applied to this case, he claims on the notes, *or* on the account, but not for both. Appellant's motions were properly denied.

Judgment affirmed.