WATSON v. BELL.

Costs: UNDER MOTION TO STRIKE OUT ALTERNATIVE COUNTS. Where the petition in an action contains two counts for the same cause of action and the plaintiff declines, on motion, to strike out one of the counts, he will be liable for all the costs incurred in the action, if he fails on the trial to establish a distinct cause of action for each count.

*Appeal from Monroe District Court.*

MONDAY, DECEMBER 15.

THE petition contains two counts. The first is for a malicious prosecution, and sets forth in detail the alleged facts constituting the wrong; the second is for false imprisonment, and sets forth in detail substantially the same alleged facts as in the first count, with the additional averment that the justice of the peace had no jurisdiction of the case. The defendant made affidavit that the two counts were for only one cause of action, and moved to strike out one count. The court overruled the motion. On the trial, the jury returned a verdict for plaintiff on the second count. Defendant then moved to tax all the costs to plaintiff; this was also overruled. Defendant having duly excepted, now appeals.

*Dashiell & Anderson* for the appellant.

*Perry & Townsend* for the appellee.

COLE, J. — Our statute enacts, Rev. 1860, " Sec. 2934. One cause of action, defense, set-off, counter-claim, cross-demand, or reply, shall be expressed in but one statement, and not in various counts or divisions. If such be done, the adverse party may move to strike out all but one of such counts or divisions, supporting his motion by an affidavit that the same are for only one cause of action; whereupon the other party shall either so strike out, at the costs of the motion, or declining, must show on the trial as many distinct causes as he has counts or divisions, or shall pay all the costs of the whole trial."

The petition shows on its face that the plaintiff's cause of action was for the one wrong. In one count he styles it malicious prosecution, and avers malice, want of probable cause, etc.; in the other he styles it false imprisonment, and

avers want of jurisdiction, etc. Each states the same time, persons and facts. The jury found for plaintiff on the second count only for false imprisonment, demonstrating thereby that plaintiff did not show on the trial two distinct causes of action. Therefore he " shall pay all the costs of the whole trial." If the plaintiff had only sought to recover but for one of such causes, and had so stated in his petition, he would have brought himself within the provisions of section 2935, and have thereby exempted himself from liability for costs. *Camp* v. *Wilson*, 16 Iowa, 225; *Dunning* v. *Thomas*, 11 How. 281; Rep. on Civil Code, 1860, p. 309.

Reversed.