## William Albrecht v. Paul Gies and others.

*Evidence: Account stated.* Evidence tending to show that the parties met and settled up, and that a balance was struck and agreed upon, is admissible to prove an account stated, and is sufficient to authorize the submission of the question as one of fact to the jury.

*Account stated: Evidence.* The admission in evidence in an action upon an account stated, of an account between the parties tending to show dealings between them, is not error where the other evidence tends to show that such dealings had been examined and a balance agreed upon; moreover the account thus admitted in evidence in this case could not have prejudiced the defendant.

*Account stated: Nature of original transaction.* In an action upon an account stated only, the nature of the original transaction out of which the acknowledgment of indebtedness grew is immaterial.

*Rule of evidence applied alike to both parties.* One at whose instance the issue has been confined to a single question cannot complain if the same rule of evidence which he has caused to be applied to his adversary is by the court afterwards applied to him likewise.

*Heard January 19.    Decided April 5.*

Error to Wayne Circuit.

*Otto Kirchner,* for plaintiff in error.

*George H. Prentis,* for defendants in error.

MARSTON, J:

The action in this case was assumpsit on the common counts. The plea was the general issue with notice of recoupment. Plaintiffs furnished a bill of particulars which is not printed, but it is conceded that they confined themselves therein to a recovery upon an account stated. Plaintiffs offered evidence tending to show that they had performed certain work under a contract; that the work was well done; that the materials furnished were good, and that every thing was done in accordance with the terms of the contract. This evidence was objected to by defendant's counsel, on the ground that the plaintiffs sought to recover on an account stated. The court sustained the objection and excluded the evidence. After the plaintiffs rested counsel for defendant offered to show that the work was not properly done and the damages he sustained in consequence thereof; this was objected to and excluded. The court in charging the jury confined them to the single question of a settlement between the parties, and instructed them that they had nothing to do with the question as to whether the work was well done or not; that the question submitted was whether the one thousand dollars was agreed upon absolutely and without condition.

Counsel for plaintiff in error, in this court, insist that there was no evidence of an account stated, and that the jury should have been instructed to find for the defendant. It is sufficient to say that there was evidence tending to show that the parties met, settled up, and that a balance was struck and agreed upon. That question was fairly submitted to the jury and their finding is conclusive.

It is next claimed that a certain account, exhibit H, was erroneously admitted in evidence. We think this was ad-

ALBRECHT v. GIES.

missible as tending to show that there had been dealings between the parties which the other evidence in the case tended to show had been examined, and a balance agreed upon. Besides, we do not see, and counsel have not even suggested, how its admission could in any way prejudice the defendant.

There was some question as to whether at the time the settlement was made and order given on Steyskall and Brothers, it was upon condition that they had accepted the work, and the court permitted evidence to be introduced tending to show that the Steyskalls had accepted the work, and there was also evidence given tending to show that they had not. All evidence, however, as to whether the work had been properly done or not was excluded by the court, and this upon the objection, in the first instance, of counsel for defendant below, who is plaintiff in error here. It would seem that if the court below, upon defendant's counsel insisting that the plaintiffs were only entitled to recover, if at all, upon an account stated, excluded all testimony offered by them tending to show that the work had been properly done according to contract, afterwards for the same reason excluded testimony offered by defendant tending to show that the work had not been properly done according to contract, that he should not now be permitted to come here and complain of a ruling which was the legal result of the position he had taken when the plaintiffs were making their case.

At defendant's request the court ruled that the plaintiffs could only recover upon an account stated. This being so, whether the work was properly done or not was of no importance. The nature of the original transaction out of which the acknowledgment of indebtedness grew was immaterial.—*Stevens v. Tuller, 4 Mich., 388; 2 Greenleaf on E., § 127.*

There being no error, the judgment must be affirmed, with costs.

The other Justices concurred.