"By the Court,

Nelson, C. J.
It is conceded, that no pri- [ *367 ]
vate action lay at common law in behalf of these plaintiffs for an occupation or disturbance of the road; the remedies there are those applicable to a public nuisance ; and if maintainable at all, it must be upon the statute. It is also a familiar principle, that in the absence of a common law remedy, the party is.confined to that given by statute. If there be a common law remedy, and the statute contains no negative words, it may still be resorted to, 5 Johns. R. 175. Yielding to the correctness of this view of the case, the counsel have referred us to § 29 of the general act relative to turnpike corporations, as the foundation for the action, 1Jt. 583 : which provides that the company shall not enter on and take possession of any public highway until it shall have been appraised and paid for in same manner as private property; and the amount of the appraisal is to be paid to the commissioners of highways of the town, to be applied in the improvement of the roads of said town.
In default of complying with this provision before possession was *280 taken by the defendants, it is supposed a private action is given for the value of the road. But recurring to the principle before stated, that in the absence of any common law remedy by action for the injury, the party is confined to that prescribed by the statute, the conclusion contended for fails, for it is clear none is there given.
Standing upon the statute, the mode of compensation is by appraisal, in the manner there stated. Leaving that, and resorting to the previously existing remedies, no authority will be found for this action. They are by indictment, or summary removal of any obstruction at common law ; or by action for the penalty of treble damages given by statute. 1 R. S. 526, § 130, 181.
We have also been referred to the act giving the commissioners of highways an action “ to enforce any liability, or any duty enjoined by law, to such officers, or the body which they represent,” and entitling them “ to recover damages for any injuries done to the property or rights of such officers, or of the body represented by them.” 2 R. S. 473, § 92. One answer to these provisions is, that the remedy, as well as the [ *368 ] *duty of the defendants, is prescribed by the statute upon which the right to compensation is founded, 1 R. S. 583, § 29; and it being introductory of a new rule, the statute must, upon general principles, be pursued. JDwarris on Statutes, 641, and cases before cited. Another is, that these provisions simply prescribe the mode of enforcing rights and claims belonging to the officers there mentioned, or the bodies they represent, without intending to declare the nature or extent of them. We must look to other provisions of the statute, or to the common law, to ascertain those rights. Now, the towns, or commissioners of highways, have no property in the public roads which can enable them, like an individual, for an injury done to his freehold, or incorporeal rights, to sustain a private action for damages done to him. The fee belongs to the owners of the premises through which the highways are laid, subject to an easement of way for the public use. The right of enjoyment is a public one, confined to neither town or county. In a highway, says a recent valuable writer on the subject, the king has nothing except the passage for himself, and his people; the freehold and all the profits, as trees, &e., appertain to the lord of the soil. Woolryche, 5, 2 Inst. 705. It is upon this view, that the remedies, in case of interruption, are given to the public, by indictment, summary abatement, or penalty; private remedies are confined to the owner of the soil, or persons who have sustained a particular injury.
There is another view of this case, equally conclusive in my judgment, against the action. The counsel supposes that inasmuch as the twenty-ninth section before referred to, enjoins a duty upon the defendants to procure an appraisal of the damages for the easement, and pay the same to the *281 plaintiffs, that it recognizes a right of property in the latter, so as to maintain the action. I have already endeavored to shew that as no civil remedy was given to the plaintiffs at common law, they are confined to that prescribed by the act. Now, were we to concede, that in respect to the easement, they might sustain an action for an unlawful interference with it, would the object of the statute be attained ? I apprehend not. The effect of the recovery would not change *the right of prop- [ *369 3 erty. Like an action on the case by an individual for an injury to an incorporeal right, damages to the extent of the wrong only could be recovered—the right of property would remain as before. The company could set up no more right to the easement by reason of the judgment against them, than they could in the case of an individual who had sued them in trespass, for taking, his land without paying the compensation according to the statute.
By the twenty-seventh section, 1 R. S. 583, on the damages being assescd and paid to individuals, the company “ shall have and hold the same, (the land taken,) to them, their successors, and assigns forever.” And the twenty-ninth section forbids the company to enter and take possession of a highway, until appraised and paid for to the commissioners in the same manner as private property ; intending then that the company should acquire the like estate therein. The provision is obviously founded upon the idea that the town had paid for the road when laid out under the regulations of the highway act; and of course, were entitled to any compensation the commissioners of assessment might award. The remedy given ivas designed to be commensurate with this equitable right; and when applied, the road should pass to the company. If, then, I am right as to the effect of the recovery here in this form of proceeding, it comes far short of carrying out the intent of the section.—The experiment has [not even this merit, and must be upheld, if at all, upon a construction that never could have been contemplated by the legislature.
In short, I am unable to perceive how the commissioners of highways can predicate an action against the defendants upon the statute, for taking the road without complying with its terms, any more than an individual can for taking his land,—which never was pretended. He has a private remedy at common law, which he may fall back upon; these plaintiffs have not.
New trial granted.