# SUPREME COURT.

SIPPERLY AND OTHERS, Commissioners of Highways, of the town of Schaghticoke agt. THE TROY AND BOSTON RAILROAD CO.

Where the plaintiffs in the *first* and *third* counts in their complaint set out their facts constituting a cause of action under the general railroad act, (Laws, 1850, p. 224,) for damages, by reason of a failure of the defendants in making their railroad to restore certain highways to their former state, &c.; and in the *second* and *fourth* counts upon substantially the same facts, claimed treble damages of the defendants for injuries to the highways under the Revised Statutes, (1 R. S. 526, § 130,) the *first two* framed for obstructing one highway, and the *last two* for obstructing the other. *Held,* that the plaintiffs could not for the same act, and upon substantially the same facts, recover under both the above-mentioned statutes. Consequently there was an *unnecessary repetition* in the complaint.

On account of doubts as to the sufficiency of either set of counts in case the others were stricken out, the whole complaint was set aside.

*Rensselaer Special Term, April,* 1853. Motion to set aside complaint for irregularity, or to strike out a part of the counts. The action was brought by the plaintiffs, as commissioners of highways. The defendants' road, as it appeared from the complaint, crosses two highways in the town of Schaghticoke, one of which is described as the highway leading easterly from the Schaghticoke and Lansingburgh turnpike, near the dwelling house of John Cooper, to a public highway near the dwelling of Orman Doty; and the other, as a highway leading from Schaghticoke Point past the dwelling house of Orman Doty to the northern turnpike. The complaint alleged that the defendants, in the construction of their railroad across these highways, had unnecessarily created, and left unremoved, a high embankment across such highways, and had neglected and refused to restore the highways to their former state, or to such state as not unnecessarily to have impaired their usefulness. The complaint contained *four* counts, the *first two* of which related to the obstructions created in the first of the highways above men-

tioned, and the *other two*, to the latter highway above mentioned. The questions arising upon these four counts will sufficiently appear in the opinion of the court.

T. C. Ripley, *for Plaintiffs*.
A. B. Olin, *for Defendants*.

Harris, Justice.—By the 5th subdivision of the 28th section of the general railroad act, (*Sess. Laws*, 1850, *p.* 224,) the defendants were authorized to construct their railroad across these highways; but they were also required " to restore the same to their former state, or to such a state as not unnecessarily to have impaired their usefulness." It is upon the failure of the defendants to perform this duty that the *first* and *third* counts of the complaint seem to have been framed.

By the Revised Statutes it is declared, that " whoever shall injure any highway, &c., shall for every such offence forfeit treble damages." (1 *R. S.* 526, § 130.) The *second* and *fourth* counts of the complaint are framed with a view to recover the damages contemplated by this act. The facts in the two sets of counts are substantially the same. This is " *unnecessary repetition.*" The plaintiffs cannot, for the same act, recover for the failure of the defendants to perform their duty under the provision of the railroad act already noticed, and also treble damages under the Revised Statutes. In short, the plaintiffs, upon their own showing, have but two causes of action, and yet these are put forward in the complaint, and the defendants are required to defend themselves, as though there were, in fact, *four* distinct causes of action, upon which the plaintiffs expected to recover. This cannot be regarded as a statement of the facts constituting the plaintiffs' causes of action *without unnecessary repetition.*

The chief difficulty I have had in the decision of the motion relates to the form of the order which should be made. I was at first inclined to think that the *second* and *fourth* counts should be stricken out, because it seemed at least doubtful whether the defendants could be made liable for the treble damages imposed by statute for an injury to a highway. But, on the other

hand, there may be some doubt whether the plaintiffs can main-
tain an action to recover damages for the failure of the defend-
ants to restore the highways to their former state.   (See Cornell
agt. The Butternutts and Oxford Turnpike Company, 25 *Wend.*
365 ; Cornell agt. The Town of Guilford, 1 *Denio,* 510.)

Under these circumstances, instead of striking out two of the
counts, or requiring the plaintiffs to elect which of the counts
they will retain, I think it better for the plaintiffs that the com-
plaint should be set aside altogether, so that they may have an
opportunity to state their case anew, and, if possible, avoid the
difficulties to which I have referred.   The order will so direct.
The plaintiffs must be charged with the costs of the motion.

Note.—This order was affirmed, upon appeal, at the Albany General Term in
December, 1853.