## NASH *a.* McCAULEY.

*New York Common Pleas; Special Term, May,* 1858.

PLEADING.—STATEMENT OF CAUSE OF ACTION.—REPETITION.

Under section 142 of the Code—requiring facts to be stated without repetition—
it is not allowable to state one and the same claim in two different forms as
separate causes of action.*

Application by plaintiff for leave to amend the complaint.

The facts are stated in the opinion.

HILTON, J.—The plaintiff brought this action for the value of
a sorrel mare, alleged to have been sold and delivered by him
to the defendant for the price of $92.

He now desires to amend the complaint by adding as a *second*
cause of action that the defendant is indebted to him in $92 for
money had and received to his use.

It is not claimed that the defendant owes him more than $92,
and although the pleadings are verified, he appears unable to
determine upon which ground he may ultimately be entitled to
recover.

Before the commencement of this action, the defendant had
sued the plaintiff in the Superior Court, in an action on con-
tract, wherein the plaintiff here might have set up this demand

---

* HEPBURN *a.* BABCOCK (*New York Superior Court; Special Term,* 1858).—
Motion to strike out one of two statements of a cause of action.

BOSWORTH, Ch. J.—A complaint must contain a plain and concise statement of
the facts constituting a cause of action. If it contains but one cause of action
there can be but one statement of it. When no necessity is shown for stating in
form several causes of action, all but one will be stricken out. This complaint
contains two, and the first will be stricken out unless the plaintiff elects to retain
that, or to amend so as to make but one statement. He may do either on payment
of $7, costs of this motion.

as a defence, or counter-claim, and thus litigated all the matters in difference between them in one action. (*Code*, § 150.)

Such a course would have been in accordance with the spirit and the policy of the law, and if the plaintiff, as defendant in that court, had been unable to specify in his answer the distinct ground upon which his counter-claim rested, no doubt upon a proper application he would have been permitted to so state his defence as not to prejudice him at the trial, should the evidence show him to have a valid claim.

But he has elected to bring an unnecessary action, and consequently should be held to greater strictness than he otherwise would be.

Courts do not look with favor upon useless litigation, and were there no other reason, this alone would be sufficient for refusing permission to make the proposed amendment.

But a conclusive answer to the motion is, that to allow it would be a *violation of section 142* of the Code, which requires the facts constituting the cause of action to be stated without repetition. (Allen *a*. Patterson, 3 *Seld*., 476.)

Motion denied.