## THE PEOPLE *v.* CORNELIUS VANDERBILT.(*a*)

A crib or pier, erected in the waters of the harbor of New York, is a public nuisance, unless the party erecting the same is authorized to build it, at that place, by some power competent to confer an authority.

By a resolution of the common council of the city of New York, passed in May, 1853, and appoved by the mayor, permission was given to the defendant to widen a small pier on the south side of .pier No. 1 North river, on the southerly side, so as to make the same forty feet wide, and that it be extended parallel with pier No. 1, to the exterior line, at a distance of one hundred and fifty feet from said pier, under the direction of the street commissioner. *Held*, that the mayor and common council had no authority to grant the defendant such permission.

*Held, also,* that the crib sank by the defendant, and the proposed pier, were a purpresture, and were *per se* a public nuisance. That the offer, therefore, to prove that the crib and proposed pier were not, and would not be, an actual nuisance, and would not injuriously interfere with or affect the navigation of the river or bay, was properly overruled.

The act of March 27, 1821, "to provide for the expense of extending the battery in the city of New York," &c., did not authorize the common council to pass such a resolution; inasmuch as the defendant was constructing the proposed pier for private objects, and not for the purpose of extending the battery.

The remedy to prevent the erection of a purpresture and nuisance, in a bay or navigable river, is by injunction at the suit of the attorney general.

APPEAL. from a judgment of the Supreme Court. The action was brought to restrain the defendant from enlarging a pier, known as pier No. 1 North river, adjoining the battery. See report of the case, in the Supreme Court, 38th Barbour, 282; where the facts are fully stated. The Supreme Court, at general term, affirmed the judgment of a special term, by which the defendant was perpetually enjoined from proceeding in the erection of the pier &c., and was directed to abate the alleged nuisance, and to remove the same. The defendant appealed to this court.

(*a*) Decided March term, 1863.

*Wm. Allen Butler,* for the plaintiffs.

*C. A. Rapallo,* for the defendant.

EMOTT, J. It. can not be doubted that the crib or pier which the defendant commenced erecting in the waters of the harbor of New York was a public nuisance, unless he was authorized to build such a structure at that place by some power competent to confer such authority. Woolrych says: "An obstruction in a public river is a nuisance," such as the erection of a wharf "so as to narrow the river;" and "at the common law any encroachment upon a public stream was considered to be purpresture; that is to say, the making of that several and private which ought to be common to many." (Woolrych on Waters, Law Lib. 4th series, vol. 53, pp. 192, 195.) It was held in *Hart* v. *The Mayor of Albany,* (9 Wend. 571,) that it is not lawful for an individual, without grant, to construct and moor a floating storehouse or vessel for the receiving and delivering of goods and merchandise in any public river, or in any port or harbor, or in the basins or docks thereof; and that such permanent appropriation and exclusive occupation of a public river, &c., is an obstruction to its free and common use, and is indictable as a public nuisance. (See *The People* v. *Cunningham,* 1 Den. 524.)

The defendant claimed at the trial, and still claims, that he was authorized to construct the proposed pier by a resolution of the common council of the city of New York, which was passed by such council, and approved by the mayor of that city on the 16th day of May, 1853. By that resolution permission was attempted to be given to the defendant to widen a small pier on the south side of pier No. 1 North river, on the southerly side, so as to make the same forty feet wide, and that it be extended parallel with pier No. 1, to the exterior line, at a distance of one hundred and fifty feet from said pier, under the direction of the street commissioner.

The mayor and common council of New York had no authority to grant the defendant such permission. It has been held in England that a legal grant from the crown can not make an erection in a public river for private purposes legitimate; and that the right of the public to the unobstructed use of navigable waters is paramount to any right of property in the crown. (Woolrych on Waters, Law Lib. 4th series, vol. 53, p. 194.)

The defendant's counsel insists that the "act to provide for the expense of extending the battery in the city of New York, and for other purposes," passed March 27, 1821, (Laws of 1821, p. 158,) authorized the common council of that city to pass the resolution in question. But he is mistaken. For it is obvious that the defendant was constructing the proposed pier for private objects, and not for the purpose of extending the battery; and the act referred to, after providing for the extension of that part of the city called the battery "into the bay and North and East rivers," not exceeding six hundred feet, declared that the title to the land that distance under the water was vested in the mayor, aldermen and commonalty of the city of New York, "to remain for the purpose of extending the said battery for a public walk, and for erecting public buildings and works of defense thereon, but without any power to dispose of the same for any other use or purpose whatsoever, and without any power of selling it, or any part thereof."

The defendant sank the crib, and was constructing the proposed pier further into the waters of the bay and North river than any person could lawfully erect one, according to chapter 763 of the laws of 1857, (vol. 2, page 638,) or chapter 522 of the laws of 1860, (p. 1062.) The defendant can not avoid liability for what he did and intended to do, on the ground that the proof does not show that the people sustained or would sustain any actual damages by the crib or proposed pier. It was held in the case of *The King* v *Ward,* (4 Adol. & Ell. 384,) on a trial of an indictment for

a nuisance in a navigable river and common king's highway, called the harbor of Cowes, by erecting an embankment in the water-way, that a finding of the jury that the embankment was a nuisance, but that the inconvenience was counterbalanced by the public benefit arising from the alteration, amounts to a verdict of guilty; also that it is no defense to such an indictment, that although the work be in some degree a hindrance to the navigation, it is advantageous in a greater degree to other uses of the port.

The crib sank by the defendant and the proposed pier were a purpresture, and were *per se* a public nuisance. (See Waterman's Eden of Injunctions, vol. 2, p. 259, ch. 11.) The offer, therefore, of the defendant's counsel to prove, by the testimony of witnesses, that the crib and proposed pier were not, and would not be, an actual nuisance, and would not injuriously interfere with or affect the navigation of the river or bay, was properly overruled.

The remedy to prevent the erection of a purpresture and nuisance in a bay or navigable river is by injunction at the suit of the attorney general. (Wat. Eden of Injunctions, vol 2, ch. 11; *Davis* v. *Mayor &c. of New York*, 4 Kern. 526; *Attorney General* v. *Richards*, 2 Anst. 603.)

In the case last cited, the information stated that the defendants had erected a wharf or key, two docks and other buildings, between high and low water mark, in Portsmouth harbor, so as to prevent the boats and vessels from sailing over that spot, or mooring there, &c., and prayed that the defendants might be restrained from making any further erections; that those made might be abated and the harbor restored to its ancient situation; and the court decreed that the buildings be abated.

The judgment in the case at bar is, that the defendant be restrained from erecting the proposed pier, &c., and that he remove the crib within thirty days after service upon him of a copy of the judgment.

No authority has been cited to show that it was erroneous

to require the defendant to remove the crib, and I think there is none. This part of the judgment is right upon principle, and is somewhat supported by the case of *Attorney General* v. *Richards,* (*supra,*) and it ought to stand.

The judgment of the Supreme Court should be affirmed, with costs.

SELDEN, J. also delivered an opinion for affirmance.

All the Judges concurring in the result,

Judgment affirmed.