MARTIN DE LANEY AND JOHN B. SKENYON, RESPONDENTS, *v.* DAVID BLIZZARD, APPELLANT.*

*Public nuisance — action for removal of — who may maintain — effect of long continuance of.*

No definite amount of damage is necessary to authorize a person to maintain an action to abate a public nuisance ; if he sustain any special damage it is enough.

Such action may be maintained by one having only a leasehold interest in the premises, injuriously affected by the nuisance.

No length of time will legalize an unauthorized obstruction in a navigable stream.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury;

The action was brought to enjoin the defendant from maintaining a permanent float in front of plaintiffs' premises, which border on a bay in Long Island Sound.

*Field & Deyo,* for the appellant.

*J. O. Dykman,* for the respondents.

BARNARD, P. J.:

The plaintiff has a leasehold interest in certain premises in Westchester county bounded upon a navigable stream.

In front of the plaintiff's premises the defendant has anchored a large wooden float a few feet from the shore on plaintiff's land, and has kept and maintained it there for twenty-seven years. The obstruction is permanent. It is used by defendant to fasten boats to, and it is approached by a platform from the highway which runs along plaintiff's premises to the stream. This obstruction is found to be a public nuisance, and specially injurious to the plaintiff. In such case it has always been held to be within the province of a court of equity to grant relief. The obstruction is a nuisance *per se.* (*People* v. *Vanderbilt,* 28 N. Y., 396 ; *Hart* v. *Mayor of Albany,* 9 Wend., 571.) It is necessarily, particularly injurious to plaintiff. It obstructs the free egress from plaintiff's land to the public navigable highway and return therefrom. It is not neces-

* For appeal from an order in this case, see *post,* p. 66.

sary that the damage shall be considerable. If damage is caused specially to the plaintiff by the obstruction, no definite amount is requisite to sustain the action.

The plaintiff having only a leasehold interest in the adjoining land may maintain this action. (*Knox* v. *The Mayor*, 55 Barb., 404.)

No length of time will legalize an unauthorized obstruction in a navigable stream. (*Dyger* v. *Schenck*, 23 Wend., 446; *People* v. *Cunningham*, 1 Denio, 524; *Renwick* v. *Morris*, 7 Hill, 575.)

Judgment affirmed with costs.

TALCOTT and PRATT, JJ., concur.

Judgment affirmed with costs.