ADOLPHUS DRUIDING, Respondent, *v.* HENRY LYON, Appellant.

### May 13, 1879.

1. Where the petition contains two counts, and instructions are given upon each, while the testimony shows but one cause of action, a judgment rendered upon a verdict against the defendant on both counts will be set aside.

2. Where a bill of exceptions is framed on the theory of setting out specific statements of witnesses, a general statement that the "plaintiff gave evidence tending to prove each allegation of the petition" must give way to the direct testimony of the witnesses to the facts.

3. Where an architect furnishes plans upon an agreement with the owner of land that, if the latter builds, the former shall be employed as architect and superintendent, and the latter decides not to build, the former cannot recover for the plans.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

MYERS & ARNSTEIN, for appellant.

A. R. TAYLOR, for respondent.

HAYDEN, J., delivered the opinion of the court.

This is a suit by the plaintiff to recover upon a contract which he alleges the defendant made, by which the plaintiff was employed as an architect to draw plans for houses. The plaintiff states three separate counts, as though he had three distinct causes of action, but upon trial it appeared he had but one. The answer was a general denial. Upon the hearing, the defendant moved the court below to compel the plaintiff to elect, which the court refused to do. The

plaintiff, on direct examination, testified to the effect that, hearing the defendant had bought a lot of land, the plaintiff suggested that he could build houses for the defendant very cheaply ; that conversations took place, the defendant saying that if the plaintiff could show plans by which the defendant could build at a given figure, he (the defendant) would think about building. On cross-examination, the plaintiff testified that he made only one contract, which was that the plaintiff was to draw plans, etc., for and superintend the erection of five houses on the defendant's lots, and was to be paid four per cent on the cost of the houses for all the work ; that the defendant did not build the houses.

The defendant's testimony was to the effect that he never employed the plaintiff ; that, being urged by the plaintiff and invited to inspect plans, the defendant said that if the houses could be built for $7,500, he might be induced to build ; that he sent a builder to the plaintiff's office, who reported that the houses could not be built for $7,500, and that was the end of the matter ; that the plaintiff said that if the defendant did not build, and use the plans, there would be no charge for them. There was a verdict and judgment for the plaintiff.

This trial presents a singular result, and shows the mischief of resorting to the old, and, it is to be hoped, almost obsolete, practice of allowing a case which presents but one cause of action, under the evidence, to go to the jury as though many distinct causes were involved. Here the testimony showed that the plaintiff made only one contract, yet the court below gave three instructions, each based on one count in the petition, as though there had been evidence supporting three distinct causes of action. The jury returned a verdict for the defendant on the first count ; for the plaintiff, with damages $296.30, on the second count ; and for the plaintiff, for $15.60, on the third count. Thus, the case was tried as though there had been testimony tend-

ing to show three distinct contracts, and a verdict was rendered for the plaintiff on two contracts, one of which was purely a fiction according to the plaintiff's own testimony.

The falsity, and the injustice to the defendant, consequent upon stating one cause of action as many, it was an object of the Practice Act to remedy. Though the oath to pleadings is not now required, the obligation of essential truth is required as clearly as ever ; and sham counts are as much at war with the spirit of the Code as the " unnecessary repetition " is with its letter. If three counts are proper in such a case as this, why are not twenty ? There is no reason for the practice, as there is under the Code such facility of amendment that it is easy to secure, on the one hand, truth and consistency in pleading, together with the preservation of the defendant's rights, and, on the other, absence of any injury to the plaintiff arising from inability to tell in advance what substantive facts the evidence will present. The correct rule on this subject is, in our opinion, that laid down in *Lackey* v. *Vanderbilt,* 10 How. Pr. 155 ; *Ford* v. *Mattice,* 14 How. Pr. 91 ; *Sturges* v. *Burton,* 8 Ohio St. 215 ; *Nash* v. *McCauley,* 9 Abb. Pr. 159 ; *Sipperly* v. *Railroad Co.,* 9 How. Pr. 83. The doctrine of *Whitney* v. *Railroad Company,* 27 Wis. 327, and of Mr. Pomeroy (Rem., sect. 575), is liable to the objection of affording no settled rule, while it opens the door to all the evils of the old practice.

It is urged that in the present case these words appear at the close of the plaintiff's direct examination : " That plaintiff drew plans for three houses, and afterwards defendant asked him to prepare plans for other houses, and plaintiff gave evidence tending to prove each and all the allegations of his petition." If these recitals stood alone, a different case might be presented. But the bill of exceptions is not framed upon the theory of a bill stating there was evidence " tending to prove " facts, but upon the opposite theory of setting out specific statements of witnesses ; and the above

generalities must give way, as conclusions must where contradicted by direct testimony as to facts given by the same witness. It is not to be supposed that the plaintiff meant flatly to contradict himself; and if he recovers he ought to do so on some consistent theory, not upon the basis of contradictions in his own testimony, on which alone his judgment rests. He not only says that he never made more than one contract with the defendant, but that it "·was made with defendant by him at defendant's store, before any of the work sued for and mentioned in plaintiff's petition had been done by plaintiff, and said work was a part of the same contracted for as above stated." That any. "other houses" were in prospect, nowhere appears.

As this case must go back, it is proper to say that if there was a contract by which the plaintiff did work or furnished plans, the plaintiff taking the risk of the defendant's building, the plaintiff is not entitled to recover, if, as would appear to be the case, the defendant did not build. If A. furnishes plans upon agreement with B. that, in case B. builds, A. shall be employed as architect of the building, and B. decides not to build, it is evident that A. cannot recover upon a *quantum · meruit*, or in any other form, against B. for services in making the plans. Where the evidence presents such a case and no other, it is plain that there is no room for an implied contract, the legal implication being directly negatived by the express contract, one term of which is that A. does the work, not for a money price, but for the chance of getting more work, the risk of getting which, and thus being paid for all, A., by the contract, takes.

The judgment is reversed and the cause remanded. All the judges concur.