PETER C. MOORE et al., as Commissioners of Highways, etc., Appellants, v. THE BROOKLYN CITY RAILROAD COMPANY, Respondent.

The threatened violation of a mere naked legal right, unaccompanied by special circumstances, is not a ground for injunction when legal remedies are adequate to redress any resulting injury.

Defendant, a street railroad corporation, having obtained the consent of the town officers and landowners, required by the act of 1854 (Chap. 77, Laws of 1854), constructed its railroad over that portion of its route in the town of N. U., specified in its acticles of association. The consents were granted upon the express condition that the company should run trains daily over the whole of said route to and from the terminus thereof in said town. Defendant proposed to change the terminus, abandoning a portion of its route, and was preparing to make the necessary alterations for that purpose when this action was brought by the supervisors of the town to restrain such abandonment, and to compel defendant to continue the running of its trains over the whole of the route. The court found that the proposed change was demanded by public convenience and safety; that the operation of the road over that portion of the route proposed to be abandoned was and is a dangerous obstruction to travel. Held, that the action was not maintainable. First, that as no public injury will result from the proposed change, there was no ground for the remedy by injunction. Second, that plaintiffs, as highway commissioners, have no legal capacity to maintain the action.

It seems the action would not be maintainable by plaintiffs as commissioners, even if the public interest required the observance of the condition.

It seems, also, that if defendant violates its charter or fails to perform the conditions under which it exercises its franchises, the remedy is a proceeding in behalf of the People by the attorney general to annul its charter, and if it unlawfully occupies or obstructs the highway the remedy is by indictment or proceedings under the statute.

(Argued December 12, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 11, 1885, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought among other things:

(1.) To compel the defendant to discontinue the abandonment of a part of its street railroad in the town of New Utrecht.

(2.) To prevent it from using the rest of the highways in the town, unless and until it maintains and operates the whole of its said railroad.

The defendant, in 1853, was organized under the general railroad law of the state for the purpose of constructing a street railroad within the city of Brooklyn, to be operated by horse power; in 1854 it was authorized to extend its railroad beyond the city limits into any of the towns of Kings county upon any road or highway therein, on obtaining the consent of the supervisor and highway commissioners of the town and of two-thirds of the landowners along the route. (Chap. 77, Laws of 1854.) The supervisor and commissioners of highways of the town of New Utrecht executed and delivered to the defendant two written consents; one in March and the other in May, 1861, by the terms of which they granted to the defendant " upon the conditions therein expressed," the exclusive right and privilege of constructing and operating by horse power, a railroad over the highways therein designated from the city line at Third avenue to a point of intersection of the Shore road and Fort Hamilton avenue. These consents were given upon the following express conditions: (1.) That the railroad should be completed on or before July 1, 1861; (2.) that the defendant should always maintain it in good condition; (3.) that cars should be run daily over the whole of the said route at such intervals as may be necessary to accommodate the traveling public; (4.) that all of the trips made south of Ovington avenue should be made to and from the designated terminus at Fort Hamilton. The highways specified

in said consents were regulated, graded, and in some parts widened, so as to be used for railroad purposes, after which the defendant constructed its railroad thereon. The railroad, throughout its entire length between its designated and fixed terminal points, was completed July 1, 1861, and from then until June 5, 1877, it was operated by horse power. The common council of Brooklyn in May, 1877, gave the defendant permission to use steam motors for the traction of cars on its railroad on Third avenue between Twenty-fifth street and the city line, and the supervisor and highway commissioners of the town of New Utrecht in June, 1877, gave a similar permission, under which it is operating its railroad on the highways of the town by steam motive power. After obtaining such permission, the defendant's cars were propelled by steam motive power, and went by way of Stewart avenue and the Shore road to the intersection of Fort Hamilton avenue, where it put down a "Y" switch by means of which the engines were changed from one track to another and turned round. When this action was commenced it was running cars to the last named point, but it was its intention to discontinue altogether the running of cars beyond the point of intersection of Denyse street and Stewart avenue, and to substitute a new terminal station. The establishment of the proposed terminus and the laying down of tracks across the sidewalk on Stewart avenue were both necessary to enable the defendant to consummate the contemplated abandonment, and at the same time to run cars over the other part of the road. A temporary injunction restraining the defendant from abandoning its road beyond the intersection of Denyse street and Stewart avenue was dissolved; after that the defendant consummated the abandonment and established the present terminus, which it connected with the regular tracks on Stewart avenue by laying down switches across the sidewalk.

*William Sullivan* for appellants. Even an ordinary railroad is a public highway, at least to the extent that the public are entitled to the use of every part thereof, and consequently

the abandonment of any part of it is unlawful. (*Rex* v. *Severn & Rye R. Co.*, 2 Barn. & Ald. 646; *In re New Brunswick, etc., R. R. Co.*, 1 P. & B. 667; *Talcott* v. *Township of Pine Grove*, 1 Flip. [U. S. C.] 145; *Farmers' Loan & Trust Co.* v. *Henning*, 17 Am. Law Reg. [N. S.] 266 [U. S. C.]; *Hall* v. *Union Pac. R. R. Co.*, 91 U. S. 343; *Commonwealth* v. *Erie*, 27 Pa. St. 339; *Cohen* v. *Wilkinson*, 12 Beav. 125; 1 Man. N. & G. 481; *State of Conn.* v. *Norfolk & Danbury Turnpike Co.*, 10 Conn. 157; *State* v. *Hartford & New Haven R. R. Co.*, 29 Conn. 538; *People* v. *N. Y. C. & H. R. R. R. Co.*, 28 Hun, 543.) It is bound to comply with the conditions upon which it obtained consent to build its railroad on the highways of the town of New Utrecht, especially as the terminus *ad quem* is an objective point of public travel. (Dillon on Mun. Corp. [3d ed.] § 706; *Pac. R. R. Co.* v. *Leavenworth*, 1 Dillon, 393; *Nor. Cen. R. Co.* v. *Mayor, etc.*, 21 Md. 93; *Aiken* v. *Albany, Ver. & Can. R. R. Co.*, 26 Barb. 289; *Brooklyn Cen. R. R. Co.* v. *Brooklyn City R. R. Co.*, 32 id. 358; *Mayor, etc.*, v. *Second Ave. R. R. Co.*, 32 N. Y. 272; *Same* v. *Third Ave. R. R. Co.*, 33 id. 42; *City of Brooklyn* v. *Brooklyn City R. R. Co.*, 47 id. 475; *Mayor, etc.*, v. *Troy, etc., R. R. Co.*, 49 id. 657; *Matter of Appleby*, 26 Hun, 427, 428.) Therefore, in law, the general public sustain an injury by being deprived of the use of a railroad on any part of the public highways on which it was constructed by authority of law. (Dillon on Mun. Corp. (3d ed.] §§ 656, 659; *People* v. *N. Y. C. & H. R. R. R. Co.*, 28 Hun, 553, 554; *People* v. *Vanderbilt*, 38 Barb. 283, 286; *S. C.*, 26 N. Y. 287, 292, 293, 295, 298.) The defendant is not entitled to run trains on its railroad over any part of the highways in the town of New Utrecht, for the reason that the supervisor and highway commissioners of the town did not possess authority to grant permission to do so. (*Parker* v. *Sundbury & Erie R. R. Co.*, 19 Pa. St. 218; Dillon on Mun. Corp. [3d ed.] § 669, note 1; *Burbank* v. *Fay*, 65 N. Y. 65.) Even if the defendant has a right to abandon a part of the railroad and, at the

same time, to operate the remainder thereof by horse and steam motive power, still the obstruction of Stewart avenue in the manner stated is an improper and unreasonable use of the street. (*Green* v. *N. Y. Cen. etc., R. R. Co.*, 12 Abb. N. C. 142, 156; *Mahady* v. *Bushwick R. R. Co.*, 91 N. Y. 148, 153.) A *mandamus* is never granted in anticipation of an omission of duty. It does not lie unless the party against whom it issues is in actual default. (High on Extr. Leg. Rem. [2d ed.] § 12; Boone on Corp. § 149, note 16; *Chapman* v. *Mad. River R. R. Co.*, 6 Ohio St. 119; *Moorhead* v. *Little Miami R. R. Co.*, 17 Ohio, 340.) The obligation of the defendant is also based on contract, and *mandamus* is not the proper remedy to enforce a contract obligation. (High on Extr. Leg. Rem. [2d ed.] §§ 125, 321; *Benson* v. *Paull*, 88 Eng. Com. Law. Rep. 272; *People ex rel. Coppers* v. *Trustees*, 21 Hun, 195; *Aiken* v. *Albany Ver. & Can. R. R. Co.*, 26 Barb. 289; Boone on Corps. § 148, notes 14 and 15; id. § 149, note 9; High on Injunctions, § 695; *Bradley* v. *Com'rs*, 2 Humph. 428.) Although the defendant consummated the abandonment complained of since this action was begun, it may by an injunction, mandatory in form, be enjoined from continuing the abandonment. (High on Injunctions, §§ 2, 405, 406, 512, 695; *Unangust Appeal*, 55 Pa. St. 128; *Lane* v. *Newdigate*, 10 Vesey, 192; *Mexborough* v. *Bover*, 7 Beav. 127; *Durell* v. *Pritchard*, L. R. 1 Chan. App. 244; *Singer Co.* v. *Union Co.*, 1 Holmes, 253; *Western Un. Tel. Co.* v. *Union Pac. R. Co.*, 3 Fed. Rep. 23; *West. Un. Tel. Co.* v. *St. J. Ry. Co.*, 3 id. 430; *Goddard* v. *Wilde*, 17 id. 845; *Hascall* v. *Madison University, etc.*, 8 Barb. 174; *Corning* v. *Troy I. & N. Fac.*, 4 N. Y. 191.) The intervention of the attorney general is not necessary for the enforcement of an obligation enjoined on a railroad company in relation to public highways, or for the protection of the rights of the public in and to the highways. (Chap. 255, Laws of 1855; *Osborne* v. *Jersey City & Albany R. R. Co.*, 27 Hun, 589; *Moore* v. *N. Y. & Sea Beach R. R. Co.*, Kings Co. Special Term, MS. opinion per BARTLETT, J.)

*Thomas E. Pearsall* for respondent.    An equitable action will not lie to prevent a non-user of railroad franchise ; the remedy is by *mandamus* or indictment.    (*People* v. *Albany & Ver. R. R. Co.*, 24 N. Y., 261; *Atorney General* v. *Birmingham R. R. Co.*, 7 Eng. L. & Eq. R. 283.)

ANDREWS, J.    The real purpose of this action is to compel the defendant to maintain the terminus of its road at the intersection of Fort Hamilton avenue and the Shore road, as fixed by the consents of 1861, and to prevent the company from changing it from that point to a point on the Shore road, distant about 600 feet from the intersection of the two streets mentioned.    The other relief demanded is auxilliary to this main purpose.    The plaintiffs, in bringing the action, claim to represent the interests of the public.    The findings, however, show that the proposed change in the terminus of the road is demanded by public convenience and safety.    It is found that the operation of the road along Fort Hamilton avenue and the Shore road was and is a dangerous obstruction to travel, and also that by the establishment of the proposed depot the pub lic will be accommodated and a dangerous obstruction will be removed from the highway.

It appears that the proposed change in the terminus will involve the abandonment of about 1,000 feet of the road.    The plaintiffs, by not incorporating the evidence in the record, have assented to the correctness of the findings.    Upon the facts found the action is apparently prosecuted by public officers, not to subserve the public interests, but in hostility to them. The plaintiffs insist that they are entitled to maintain the action on the ground that the defendant is under a legal obligation to maintain and operate the road over the entire route specified in the consents of 1861, and to the precise terminus therein mentioned.    There would be great difficulty in maintaining an action to compel the performance of this obligation even if the public interests required its observance.    (*People* v. *Albany and Vermont R. R. Co.*, 24 N. Y. 261; *Palmer* v. *Fort Plain*

*Plank Road Co.* 11 id. 376.)    But it is, we think, a conclusive answer in this case to the remedy by injunction that no public injury will result from the proposed action of the defendant.    The threatened violation of a mere naked legal right, unaccompanied by special circumstances, is not a ground for injunction when, as in this case, legal remedies are adequate to redress any resulting injury. (*McHenry* v. *Jewett,* 90 N. Y. 58; 2 Story's Eq. § 927, *C.*)    If the defendant violates its charter, or fails to perform the conditions under which it exercises its franchises, or if in the management of its trains or business it unlawfully occupies or obstructs the public highway, the remedy in the one case is by a proceeding in behalf of the People by the attorney general to annul or forfeit its franchise, and in the other by indictment or proceedings under the statute.    We are also of opinion that in respect to the main relief the plaintiffs, as highway commissioners, have no legal capacity to maintain the action.    This is not an action brought to " sustain the rights of the public in and to a highway, or to enforce the performance of any duty enjoined upon a railroad corporation in relation to a highway," within the act of 1855 (Chap. 255), nor is it maintainable under the general law regulating the power and duties of commissioners of highways.    (*Cornell, etc.* v. *Butternutts, etc., Turnpike Co.,* 25 Wend. 365 ; *Same* v. *Town of Guilford,* 1 Den. 510 ; *Palmer* v. *Fort Plain Plank Road Co., supra.*)

The judgment should be affirmed.

All concur.

Judgment affirmed.