### PEOPLE ex rel. COCHEU v. DETTMER.

(Supreme Court, Appellate Division, Second Department. February 11, 1898.)

1. PARK COMMISSIONER—POWERS.
    In a proceeding for a peremptory writ of mandamus to compel the park commissioner of the city of Brooklyn to take legal proceedings to prevent the further maintenance and operation, which had continued for many years, of a steam railroad at grade over Ft. Hamilton Parkway, *held*, that the provisions of Laws 1892, c. 665, declaring that the highway should thereafter "be under the exclusive charge and management" of the commissioner, and authorizing him to "make and enforce proper rules and regulations for the public use thereof," conferred upon him no authority to sue, and were not broad enough to empower him to take the action proposed.

2. SAME—INJURIES TO HIGHWAY—RIGHT OF ACTION.
    Laws 1892, c. 665, did not transfer to the park commissioner of the city of Brooklyn the right to sue for injuries to the highways, which, under section 15.

of the "Highway Law" (Laws 1890, c. 568), was possessed by the highway
commissioners of the town of New Utrecht, which subsequently became a
part of the city of Brooklyn.

Appeal from special term, Kings county.

Application by the people of the state of New York, on the relation of
Frederick C. Cocheu, for a writ of mandamus against Jacob G. Dettmer,
park commissioner of the city of Brooklyn. From an order denying
the application, petitioner appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

James C. Church, for appellant.
Almet F. Jenks, for respondent.
George W. Wingate, for Sea Beach R. Co.

WILLARD BARTLETT, J. The Sea Beach Railroad Company,
at the time this application was made, had been constructed, and was
operated by locomotive steam power, upon Ft. Hamilton Parkway, at
grade, in that part of the city of Brooklyn which formerly constituted
the town of New Utrecht. The parkway was formerly known as
"Franklin Avenue," and the appellant insists that the construction and
operation of this railway upon it were and are forbidden by chapter
609 of the Laws of 1871, as amended by chapter 551 of the Laws of
1875. The purpose of the present application was to compel the park
commissioner of the city of Brooklyn to take proceedings to prevent the
further maintenance and operation of the said steam railroad at grade
over said Ft. Hamilton Parkway. The contention of the appellant
that such is the duty of the commissioner is based upon the supposed
effect of chapter 665 of the Laws of 1892, which declared that the high-
way in question, from and after the passage of that act, should be "un-
der the exclusive charge and management of the park commissioner of
the city of Brooklyn," and further provided that the said commissioner
should "make and enforce proper rules and regulations for the public
use thereof." This enactment was not broad enough to empower the
park commissioner to institute legal proceedings for the removal of the
railroad which was then upon the highway, and, as the papers show,
had been there many years. No authority to sue is conferred upon him
by the express language of the statute, or by implication. It was sug-
gested upon the oral argument that he had acquired the powers which
the highway commissioners of the town of New Utrecht previously
possessed, under section 15 of the highway law (Laws 1890, c. 568).
That section reads as follows:

"The commissioners of highways may bring an action, in the name of the
town, against any person or corporation, to sustain the rights of the public in
and to any highway in the town, and to enforce the performance of any duty
enjoined upon any person or corporation in relation thereto, and to recover any
damages sustained or suffered or expenses incurred by such town, in consequence
of any act or omission of any such person or corporation, in violation of any
law or contract in relation to such highway."

We can find in the act of 1892, however, no evidence of any intent to
transfer to the park commissioner the right to sue for injuries to the
highways which belong to the highway commissioners in towns gen-

erally throughout the state. In the absence of a statute conferring it, those officers themselves would have no such right. Cornell v. Turnpike Co., 25 Wend. 365. It is not to be assumed that the power was devolved upon the park commissioner of the city of Brooklyn, in the absence of clear language manifesting that such was the legislative intent.

For the purposes of this appeal, it is enough to determine that the respondent does not appear to possess the requisite authority to institute the legal proceedings desired by the appellant. If it be true, however, as the appellant contends, that the Sea Beach Railroad Company is occupying and thereby obstructing Ft. Hamilton avenue, in defiance of the special statutes relating to that highway, a remedy for such public nuisance may readily be found by obtaining an indictment against the corporation, or procuring the attorney general to bring an appropriate suit in equity to restrain its continuance and abate it. Pen. Code, § 385, subd. 3; People v. Vanderbilt, 28 N. Y. 396; Cook v. Corporation of Bath, L. R. 6 Eq. 177. Of course, if the appellant can show that he himself is suffering any special and peculiar injury from the obstruction, he may also maintain an action for an injunction in his own name.

The order appealed from should be affirmed. All concur.