THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRED C. COCHEU, Appellant, *v.* JACOB G. DETTMER as Park Commissioner of the City of Brooklyn, Respondent.

*Brooklyn — its park commissioner has no power to maintain an action to prevent the maintenance of a steam railroad on Fort Hamilton parkway — remedy where a railroad is operated in defiance of law.*

The park commissioner of the city of Brooklyn has no authority, under chapter 665 of the Laws of 1892, placing under his exclusive charge and management Fort Hamilton parkway, now in the city of Brooklyn, but formerly in the town of New Utrecht, to take proceedings to prevent the further maintenance and

operation over the parkway, at grade, of a steam railroad which has been operated in the same manner upon such parkway for many years, in alleged violation of chapter 609 of 1871, as amended by chapter 551 of 1875, as the statute in question gives him no express or implied authority in the matter, nor does it transfer to him the right conferred on town highway commissioners by section 15 of the Highway Law (Laws of 1890, chap. 568) to enforce the performance of any duty enjoined upon any person or corporation in respect to any town highway.

*Semble*, that if the railroad corporation is occupying and obstructing the parkway in defiance of the law, the remedy is by indictment for maintaining a public nuisance, or by an action in equity, by the Attorney-General, to restrain the continuance of the nuisance and abate it, or by an action by an individual, who has sustained a special or peculiar injury from the obstruction, in his own name, for an injunction.

APPEAL by the relator, Fred C. Cocheu, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 1st day of December, 1897, denying his motion for a peremptory writ of mandamus requiring the respondent to take such proceedings as would result in preventing the Sea Beach Railroad Company from maintaining its steam railroad on the same grade as the Fort Hamilton parkway, and operating its cars on the same grade.

*James C. Church*, for the appellant.

*Almet F. Jenks*, for the respondent.

*George W. Wingate*, for the Sea Beach Railroad Company.

WILLARD BARTLETT, J.:

The Sea Beach Railroad Company, at the time this application was made, had been constructed and was operated by locomotive steam power upon Fort Hamilton parkway at grade, in that part of the city of Brooklyn which formerly constituted the town of New Utrecht. The parkway was formerly known as Franklin avenue, and the appellant insists that the construction and operation of this railway upon it at grade were and are forbidden by chapter 609 of the Laws of 1871, as amended by chapter 551 of the Laws of 1875. The purpose of the present application was to compel the park commissioner of the city of Brooklyn to take proceedings to prevent the further maintenance and operation of the said steam railroad at grade over said Fort Hamilton parkway. The contention of the appellant

that such is the duty of the commissioner is based upon the supposed effect of chapter 665 of the Laws of 1892, which declared that the highway in question from and after the passage of that act should be " under the exclusive charge and management of the park commissioner of the city of Brooklyn," and further provided that the said commissioner should " make and enforce proper rules and regulations for the public use thereof."

This enactment was not broad enough to empower the park commissioner to institute legal proceedings for the removal of the railroad which was then upon the highway, and, as the papers show, had been there many years. No authority to sue is conferred upon him by the express language of the statute or by implication. It was suggested upon the oral argument that he had acquired the powers which the highway commissioners of the town of New Utrecht previously possessed under section 15 of the Highway Law (Laws of 1890, chap. 568). That section reads as follows:

" The commissioners of highways may bring an action in the name of the town, against any person or corporation, to sustain the rights of the public in and to any highway in the town, and to enforce the performance of any duty enjoined upon any person or corporation in relation thereto, and to recover any damages sustained or suffered or expenses incurred by such town, in consequence of any act or omission of any such person or corporation, in violation of any law or contract in relation to such highway."

We can find in the act of 1892, however, no evidence of any intent to transfer to the park commissioner the right to sue for injuries to the highways, which belongs to the highway commissioners in towns generally throughout the State. In the absence of a statute conferring it those officers themselves would have no such right. (*Cornell* v. *Butternutts Co.,* 25 Wend. 365.) It is not to be assumed that the power was devolved upon the park commissioner of the city of Brooklyn, in the absence of clear language manifesting that such was the legislative intent.

For the purposes of this appeal it is enough to determine that the respondent does not appear to possess the requisite authority to institute the legal proceedings desired by the appellant. If it be true, however, as the appellant contends, that the Sea Beach Railroad

Company is occupying and thereby obstructing Fort Hamilton avenue, in defiance to the special statutes relating to that highway, a remedy for such public nuisance may readily be found by obtaining an indictment against the corporation, or procuring the Attorney-General to bring an appropriate suit in equity to restrain its continuance and abate it. (Penal Code, § 385, subd. 3 ; *People* v. *Vanderbilt*, 28 N. Y. 396 ; *Cook* v. *Mayor and Corporation of Bath*, L. R. [6 Eq. Cas.] 177.) Of course, if the appellant can show that he himself is suffering any special and peculiar injury from the obstruction, he may also maintain an action for an injunction in his own name.

The order appealed from should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.