decree before the commencement of the action. Code Civ. Proc. § 2607. A demand only is alleged. The plaintiff having arrived at full age, the action is, in effect, brought by him in his own behalf to recover against the sureties of the guardian upon his official bond, and clearly within the provisions of that section of the Code. Findings may be submitted.

Ordered accordingly.

---

(30 Misc. Rep. 571.)

TOWN OF EASTCHESTER v. NEW YORK, W. & C. TRACTION CO.

(Supreme Court, Special Term, Westchester County. February, 1900.)

Highway—Unlawful Use—Action—Parties Plaintiff.

    An action to enjoin a corporation from constructing a street railway on a highway, and to compel it to remove a track already laid without lawful authority and to restore the highway to its former condition, can be brought in the name of the town, under Highway Law, § 15, authorizing the highway commissioners to bring an action in the name of the town "to sustain the rights of the public in and to any highway in the town."

Action by the town of Eastchester against the New York, Westchester & Connecticut Traction Company to restrain defendant from constructing a street railway on a public highway. Defendant claimed the right to construct the road under a consent which provided that, if the road should not be constructed by a certain date, such consent should then become void, without any proceeding at law or otherwise. The complaint was demurred to on the ground that the action could not be brought in the name of the town, under Highway Law, § 15. Demurrer overruled.

Isaac N. Mills, for plaintiff.
James C. Church, for defendant.

SMITH, J. The defendant insists that this action is brought to annul the consent given by highway commissioners of the plaintiff, on the ground that the same has been forfeited, and that the plaintiff has not legal capacity to maintain such an action. In my opinion, sufficient facts are set forth in the complaint to make out a cause of action to enjoin the defendant from tearing up and obstructing the highways of the town without lawful authority so to do, and to compel it to restore a portion of the highway which has been torn up to its former condition. The allegations of the complaint which set forth facts and circumstances intended to negative any right or authority of the defendant to enter upon the highway in question are unnecessary and superfluous. A simple allegation that the defendant had no lawful authority for its action would have been sufficient. But because the plaintiff has chosen to go further, and anticipate an affirmative defense in its complaint, does not change the real purpose of the action, viz. to enjoin an unauthorized interference with the public highways of the town, and a restoration of a portion thereof which has been disturbed to its former condition. Because defendant's contention as to the nature of the action cannot be sustained, the leading case relied upon to support the demurrer (Moore v. Rail-

road Co., 108 N. Y. 98, 15 N. E. 191) is clearly not applicable. If the cause of action is one to enjoin an unlawful interference with the public highway, the plaintiff has legal capacity to sue (Highway Law, § 15), and can maintain an action for equitable relief "to sustain the rights of the public in and to any highway in the town" (Town of Windsor v. President, etc., of Delaware & H. Canal Co., 92 Hun, 127, 36 N. Y. Supp. 863).

Demurrer overruled, with leave to defendant to answer within 20 days on payment of costs.