Van Brunt, P. J.
I concur in the result arrived at by Mr. Justice Daniels, but I do not concur in his opinion so-far as it states that the judgment offered in evidence could have no effect because it was interlocutory. The case of Brinkley v. Brinkley, 50 N. Y. 202, relied upon by him, holds that the definite judgment of the court of another state between the same parties npon-ilio same cause of action, upon the merits, is conclusive, but that a judgment not adjudicating definitely between the parties the merits of the case is not so conclusive, and this was all that was held. In that case, an order made in an action pending in another state, denying alimony, was held to be no answer to an application to the courts of this State in an action pending-here for alimony. In the case at bar there was a formal and final determination establishing the right of the plaintiff by the foreign court, and all that remained to be done was-that the defendant should account, and a new trustee be appointed. Upon the main question, the judgment was a. final and definite determination upon the merits of the controversy, and therefore was admissible as evidence here.
Note on Pleading Several Grounds of Recovery, and on alternative and inconsistent allegations.
The case in the text illustrates what I conceive is now one of the most frequent embarrassments to the pleader in the drawing of complaints. Where our client has several grounds-of action, upon contract or in tort, either of which alone would be sufficient to sustain the action, but all of which together would only sustain one recovery, have we a right to state them all according to the best information we can get- *327 before pleading, and to adduce evidence at the trial as to all which the defendant shall have put in issue P Or, must we before pleading, make our election between them, and allege hut one, putting the hazard of the cause upon that alone, and taking the chances of aid from amendment if the trial court in its discretion allows it ?
Inconsistency in evidence, and in supposed actual facts. ] The reader who is inclined to analyze closely the elements involved in this subject, will notice, (1.) that the evidence or testimony is rarely fully known to the attorney before pleading, and never need be pleaded. Even could it be known, it would be impossible to predict what part of it the jury would believe and what part by their rejection would be practically out of the case. (2.) Next to the evidence we may notice the actual facts, which that evidence in the opinion of the jury substantiates. It is of much importance to observe that it is not necessary that these facts should be consistent, as will be shown below. (3.) Next comes the substantive conclusion of fact, or what it is in the eye of the law, that the external or evidentiary facts amount to when surveyed for the purpose of drawing a conclusion of fact as the foundation of a judgment. These ultimate legal facts must necessarily be consistent. (4). Next stands the conclusion of law or judgment of law as to . the present resulting legal relations of the parties. (5.) Lastly, the relief which the law awards. To illustrate this, let us take a common case. Plaintiff brings an action for negligence, say in a railroad disaster to the injury of a passenger. It is necessary for him to give evidence from which the jury may infer that the road or the rolling stock was in bad condition, or the trainmen delinquent; but if the jury are satisfied of the legal fact of negligence, for which the company are responsible, it makes no difference .that they are not agreed about the actual facts. The verdict will be good, though some of the jury may believe that the defect was in the track, others disbelieve that, but believe that the defect was in a wheel; and others believe that neither defect could have caused the injury if the brakeman had done his duty, and others still may be of opinion that it was a wilful wrong that caused the. whole. Or he sues a company for loss of goods, and is uncertain upon the evidence whether they were still carriers when the goods were lost, or had held the goods as warehousemen ; but on either view enough is shown to hold them. In each case the legal fact or delinquency, for which the corporation is responsible, is established by the concurrence of the jury, in the conclusion that some of these causes and nothing else led to the injury, or one or other of the relations existed (Civil Tr. Brief, 186, § 15; 189, § 4; 190, § 6). (Oases 84-86 below).
*328 To illustrate the same right on the part of the defence, let us take the common case of an action on contract, defended on the ground that the instrument is void, as not truly representing the contract of the parties. Defendant’s attorney knows that his client never entered'into the contract represented in the instrument, and he knows that he can prove, that either both parties were mistaken, or that plaintiff by fraud induced the defendant to sign the contract. Which of the two, however, it may be impossible for him to say. He knows that ho can produce testimony to all the actual negotiations, and the situation of the parties. He has reason to believe that there will be much conflict in this testimony, and it is impossible to anticipate what parts of it the jury may believe, and what disbelieve. The jurors will arrive at supposed facts established in their belief by the testimony. It is not necessary that they should all reach a belief in the facts as the facts. Some may believe that the plaintiff fraudulently induced defendant to sign, others may believe that both signed under a mistake of fact; but in either case the legal fact, which is as surely established without as with an agreement on the supposed facts, is that this instrument is not a contract,—does not represent that meeting of minds which is necessary to constitute a contract. The conclusion of law which results from this legal fact is that the instrument is void; and lastly the relief to be granted may be the payment of money, or the surrender of possession, or both and the like, or a mere dismissal of the action. Some of my readers may not agree as to the propriety of this use of the terms “ conclusion of fact” and “ conclusion of law,” but the principle is the same whatever words we use. The important point is that the law requires consistency in the conclusions of law ; and consistency in the ultimate conclusions of fact which the judge or the jury must find ; but does not require consistency in the concrete facts which plaintiff must, to some extent at least, allege, and therefore, it ought not to forbid him to get even inconsistent allegations of such facts before the court in some form if it can be done without falsehood or misleading the adversary.
Even if the action is not tried before a jury, but before a judge or referee, so that there is no positive disagreement as. to actual facts, the same element of uncertainty remains, for. it is not necessary to the conclusion of the judge or the referee, that he should be able to make up his mind whether the vice, of the instrument arose from mistake or from fraud, if both, are alleged and he is clearly satisfied that there was the one or the other.
*329 Several concurrent causes of action for the same recovery.] The same cause of embarrassment to the practitioner, by reason of the traditional but ill-defined restrictions on.inconsistent and alternative pleading, is presented in another form by that large class of cases in which we have several legal grounds, either of which is alone a sufficient cause of action, but on all of which we are entitled to substantially but one and the same recovery. A familiar instance of this is the right to recover on the original consideration of a note if we cannot sufficiently prove the note, or the right to recover on a quantum meruit, if we cannot prove the supposed express contract.
The profession have always been contending with this difficulty between the rules of pleading and the surprises or disappointments of proof. The English lawyers long ago resorted to the device of alleging the same claim in diverse ways, in separate counts. They evaded the common law rule against duplicity, by alleging, contrary to the fact, that the transactions were different—a certain “other note,” etc.—a precaution which Sergeant Stephen (in 1825) admonished practitioners was very necessary. The justice of the verdicts secured by a reasonable use of this device, led to its toleration and general ad opti on. Later th e courts at Westminster Hal 1 began to suggest that the false allegation which represented that the transactions were different, ought no longer to be tolerated ; and meanwhile the abuse of this device by slovenly practitioners, who drew declarations with a great variety of counts to save the trouble of investigating the evidence in advance, and the consequent injustice to defendants by keeping them ignorant as to what cause of action was to be tried, led to a reform. This reform wasdntroduced by an act in 1833, giving the judge power to amend at the trial all variances not affecting the merits, and was thereupon consummated by rules of courts adopted in 1834, intended to forbid the resort to these various methods of stating the same cause of action where there was really only one ground of action ; but this change in the law with careful discrimination reserved the right to use several counts for the same recovery, wherever the plaintiff had actually several grounds. Thus, he might state a money demand on any assumpsit, and in a separate count an account stated for the same indebtedness. And as a general rule, separate contracts for the same debt could be pleaded as separate causes of action, although the plaintiff could have but one recovery. Nor was it essential that the recovery appropriate, should be precisely the same for both counts. The- remedy prescribed against abuse of this right, was to apply to the court to strike out.
Effect.of the Code provisions.] There can be no doubt that when the Code of Procedure was adopted, the provision *330 that the complaint shall contain “a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition,” was intended to preserve the common law right to use whatever repetition may be necessary; and that the language of the provision as to misjoinder, to the 'effect that canses of action not both belonging in one class of joinable causes, may, nevertheless, be joined if they arose out of the same transaction or presented the “ same subject of action,” was intended to preserve the same common law right, subject to the restriction expressed that they must not require-different places of trial.
The language of this' provision of the Code is still broad enough to protect these rights, save as its interpretation may be hampered by the decisions which have been made in the lower courts without sufficient attention to the considerations of justice that we have above noticed.
In applying the restrictions imposed by the Codes of Procedure, the question should therefore be, not what does the Code expressly allow in the way of joinder, but first, what is reasonably convenient and practicable for the court, in order to enable plaintiff to present his entire case at once, but without doing injustice to the defendant by withholding from him distinct allegations of what facts he is to meet. Second, if the pleading is not objectionable on these grounds, is there anything in the provisions of the Code that expressly or by-clear implication forbids it ?
If the method of statement is convenient for trial without prejudice to defendant’s right to be informed of what plaintiff will endeavor to prove, and it is not forbidden by the Code, the circumstance that there is no express authority for it either in the Code or in reported cases, deserves very little consideration. The common law is enough.
The impracticability of taking the statute as a guide in the first instance, and condemning every pleading not expressly sanctioned by its terms, is obvious, unless, indeed, we take literally and carry out boldly the suggestion made by Judge Comstock, in N. Y. & New Haven R. R. Co. v. Schuyler, 17 N. Y. 604, where he said of this clause, “Its language is, I think, well chosen for the purpose intended, because it is so obscure and so general as to justify the interpretation which shall be found most convenient and best calculated for the ends of justice.”
During the first ten or fifteen years after the adoption of the Code of Procedure in this State, however, the judges at special term and circuit, quite generally held that the practice of setting forth a single cause of action in different counts Avas abolished by the Code, for the philosophically sound but practically false proposition, that “ there can be but one substan *331 tially true statement of a single cause of action.” And while-they generally conceded that a demurrer would not raise the-objection, unless the causes of action did not belong to the same class, and the demurrer was for misjoinder, it was constant practice to compel the plaintiff to elect, or to strike out-all but one, on motion before the trial; and this was frequently done at the trial. (See cases collected in 5 Abb. N. Y. Dig. New ed. p. 94, par. 195, etc.)
• Frequent cases of the glaring injustice which may result-from such a rule led to numerous exceptional decisions (one of the ablest of which is that of Judge Allen in Birdseye v. Smith, 32 Barb. 217), and finally in 1883 resulted in the decision in Velie v. Newark City Ins. Co., 12 Abb. N. C. 309 ; s. c., 65 How, Pr. 1, which rc-assertod the plaintiff’s right. This was an action on a fire policy, where the plaintiff alleged first the issue of a policy by the company, and, as a second cause of action, an agieement by the company through specified agents, to indemnify him against loss by fire, and to issue a policy^ therefor. The court denied a motion to compel the plaintiff to elect, and held that where plaintiff has really two distinct and separate grounds for the relief demanded, or is uncertain as to the exact ground of recovery the proof may afford, he-may plead both, stating them separately. And this decision has commanded the general acquiescence of the profession and the courts. The varieties of its application appear in the-cases stated below. Nor is statutory authority for this view lacking, for § 3234 of the Code of Civil Procedure provides-for costs to the plaintiff only, if he prevails, although defendant recovers on some of the issues if the judge certifies “ that the substantial cause of action was the same upon each issue.”
Original cause of action and merger thereof 1] A theoretical objection of considerable importance arises where the plaintiff’s latest ground of recovery among several is a judgment in his favor upon a ground or cause of action he has separately stated. It has been thought by many that the legal doctrine of merger or former adjudication as a bar, must be an insuperable obstacle to allowing separate counts to include such a ground. In respect to the intrinsic justice of the claim, it must be conceded that the rule that a man should not be twice vexed for the same cause, ought not to be abolished nor evaded. But on the other hand, the Code forbids suing upon a judgment without leave' of court, só that there is practically ample protection against double vexation; and it expressly allows a party to set up by supplemental pleading an adjudication recovered pending the action, so there is room to claim a statutory recognition of the right to join a claim on a judgment, with one on the original consideration. This point is not wholly *332 clear, but the latest authorities recognize if they do not squarely establish the right of a plaintiff (subject to the restriction just mentioned) to plead his original cause of action .and any other ground of recovery thereon he may have, including a judgment thereon, notwithstanding the so-called legal inconsistency in alleging the original demand, and alleging a judgment which has merged it. Certainly he may be allowed, if the judgment proves invalid, to amend and let in the original consideration. On one hand it may be urged in favor of allowing it, that there is no inconsistency in fact. There is no hardship to defendant: if his answer admits both, there can •be but one recovery against him. If he denies the judgment he denies the merger, and therefore, whether he admits or ■denies the original contract, he cannot justly complain of being sued on that contract. If he denies the original contract, and admits the judgment, he admits a conclusive estoppel. So far, therefore, as justice to the parties is concerned, merger does not deserve to be an obstacle, and the true course seems to be "where plaintiff alleges both, to require defendant to take issue, and allow plaintiff to prove either ground of recovery. he can or both. And the case in the text, and Krower v. Reynolds (case 39), favors this view.
Whether the judgment so pleaded is conclusive is quite .another question. According to the well settled general principle that the admission of evidence under each issue is •dependent solely on that issue, the pleading of a judgment, .award or other conclusive adjudication on the cause of action, cannot be relied on by the pleader to exclude evidence appropriate to the issue on another cause of action separately stated .so as to form a separate issue.
It seems to follow that if plaintiff desires to rely on his judgment to exclude all proof to the contrary of the indebtedness, and yet reserve an opportunity to fall back himself on proof of the original indebtedness if he fails on his judgment, he should allege the indebtedness merely as the inducement to the judgment, so as in effect to plead a single cause of .action on the judgment, and trust to the justice of the trial •court in giving relief by aid of amendment if necessary, should he fail for technical reasons to succeed on the judgment, but yet make a proper case on the original consideration without surprise or prejudice to the defendant.
Inconsistency in-actual fact.] As before explained, there is a classcof cases in which for no fault of his own, and usually by fault of the defendant, the plaintiff docs not know which of two absolutely inconsistent grounds he may succeed in proving, either of which will entitle him to recover; as in the case of fraud or mistake, or a case of suspected agency *333 .for an undisclosed principal. Jf it is important to plaintiff’s policy, as it usually is, especially in such classes of cases, to obtain a sworn answer, he must make a sworn complaint; and he cannot, even on information and belief, swear to inconsistent facts. Therefore he cannot state such inconsistent grounds of recovery in separate causes of action, each alleged without qualification. He must state them, if at all, in a single cause of action and in the alternative. A rule which allows plaintiff to state essential allegations in the alternative, is obviously capable of much abuse, because by multiplying-alternatives he may leave the defendant quite in the dark as to the facts the latter must be prepared to meet. But within limits which will exclude such abuses, the right of the plaintiff to allege alternative grounds is now recognized by the-highest authority, and is not without sanction in the lower-courts and courts of other jurisdictions. Numerous cases to the contrary will be found in the books, and many text-writers have given currency to the unqualified statement that alternative pleading is bad. Several cases sanctioning it in furtherance of. justice will be found below (cases 84 and 87).
Conclusions.] Upon questions on which the courts have delivered so many diverse opinions, it is proper to act with caution, but I believe the latest decisions of the court of appeals, rightly understood and applied, will be found to sustain the following propositions:
I. A plaintiff who has several grounds, each of which is-enough to sustain the same recovery upon the same transaction or subject matter, may state each as a separate cause of action, demanding only one recovery therefor, unless one requires an allegation absolutely inconsistent as matter of fact with an. allegation in another.
II. Where such inconsistency would be involved, then, if the inconsistency is in respect to a matter not presumably within his knowledge, nor within his means of knowledge in advance of the trial, and is such that disagreement of the jury upon a special question respecting the point would not impair a general verdict in his favor, he may state the several grounds in the alternative in -a single cause of action, provided he does not necessarily embarrass the defense, nor leave-the defendant unreasonably in the dark as to what questions of fact he must be prepared to try.
[In the following notes of cases I have included a selection, of fairly representative cases from other States, showing that-these views are not without good support in the general consensus of judicial opinion in the Code States ; and a few showing that the principles are not hostile to common law and equity doctrines.]

*334
Notes of Gases.

I. Different statements of substantially the same claim.
II. Alternative allegations and claims.
I. Different statements of substantially the same claim.
1. Written promise and original consideration.] Camp v. Wilson, 16 Iowa, 225. Three counts, each upon a separate promissory note, and a fourth upon an account (assigned to plaintiff) for the sale and delivery to defendants of a machine, which was the consideration for all. Prayer for “ judgment on the first three counts, or on the fourth count for the sum claimed, with interest.”—Held, proper to deny a motion, upon an affidavit that all four counts were for only one cause .of action, to strike out the first three. Such statement is not forbidden by the Code.
2. Van Brunt v. Mather, 48 Iowa, 503. The original petition ■declared upon a promissory note executed by E. Mather & Co., and averred that defendants, as co-partners, constituted that firm. An amendment to the petition was subsequently filed, alleging that defendants were co-partners and as such received from plaintiffs certain merchandise for sale, that the property was sold by defendants and .certain promissory notes taken in payment,'which were left by plaintiffs with defendants for collection, and were collected; that thereafter, ■upon a settlement, there was found due an amount for which the note in suit was executed. Defendants moved that plaintiffs be required to elect on which cause of action set up in their petition, or amended petition, they would rely.—Held, that if it be conceded that the petition, as amended, presented two causes of action, it was not, for that reason, bad. That under the Code, the same cause of action may be presented in different counts and different, forms.
3. Ferguson v. Gilbert, 16 Ohio St. 88. Plaintiff sued to recover .$500, the amount of an order drawn on defendant and accepted by him. The petition, as a first cause of action, stated various circumstances as to the manner in which the order came to be drawn, and as constituting plaintiff’s right to the amount. As a second cause of action, plaintiff .alleged, in general terms, that she was the owner and holder of the •order set out in the first count of the petition, and that defendant was indebted to her, on his acceptance thereof, in the amount of the order. Held, that it was evident that the two causes of action (so called) were, in fact, one and the same, stated in different forms ; in the first count specially; and in the second count generally : That such a mode of *335 pleading was unauthorized by the Code, and it would have been the duty of the court, on motion of either defendant, to have ordered the second count stricken out or to have required the plaintiff to elect, since no objection had been raised, the court would regard the second count as mere surplusage.
4. Vibbard v. Roderick, 51 Barb. 616, 628. An amendment at the trial of an action on a promissory note, by inserting a count on the ■original indebtedness, which forms the consideration of the note, is proper, for this does not change “ substantially the claim or defense.” [To the same effect is Cramer v. Lovejoy, 41 Hun, 281, allowing in an action on a note, amendment, alleging the loan, and that the note was left as security.]
5. Kimball v. Bryan (Iowa, 1881), 10 N. West. Rep. 218. In an action by the seller of personal property, a count on an account therefor, and another on an order or draft given for the price, are not inconsistent.
6. (O’Conner v. Hurley [Mass. 1888], 16 N. East. Rep. 767, dictum). The court say “ A plaintiff may, of course, bring an action upon the original cause, as for the purchase of goods, and also as an alternative unite with it a count upon a noté given for the goods. These are only different modes of stating what is in substance the same cause of action, intended to meet the evidence at the trial.”
7. Agreed price; and value.] Wagner v. Nagel (Minn.) 23 N. W. Rep. 308. Complaint (for services rendered) alleged that a fixed price had been agreed on, and also alleged the reasonable value of the services. Defendant moved to compel plaintiff to elect upon which allegation she would stand.—Held, that whether the motion should be granted was entirely within the sound discretion of the court.
8. Barrett v. Adler Veneer Seat Co., N. Y. City Ct. Chamb. 1884; s. c., N. Y. Daily Reg., May 6, 1884. Complaint (for goods sold) alleged the value thereof, and also a promise to pay.—Held, upon special motion before trial to compel plaintiff to elect, that, as only one cause of action was alleged, plaintiff should not be compelled to elect whether he would rely on the quantum meruit, or the promise to pay.
9. Longprey v. Yates, 31 Hun, 432. The first count of complaint alleged that plaintiffs did certain work, for which defendant promised to pay a certain sum; the second count alleged that plaintiffs did work for which defendant promised to pay the value thereof. It appeared that the contract was made in part with defendant personally, and partly with a person claiming to be an agent.—Held, that more than one count upon the same transaction might in a proper.case be allowed under the *336 Code. That if plaintiffs should fail to prove the authority of the agent,, they would be defeated as to a portion of their claim, unless allowed to recover on the quantum meruit.
10. Wilson v. Smith, 61 Cal. 209. Action for work and labor. The complaint contained two counts, one upon an agreement to pay an agreed price, and the other upon the quantum, meruit. Plaintiff’s counsel having stated that the work mentioned in both counts was the same, defendants moved to require plaintiffs to elect on which count they would proceed.—Held, that under the Code, which provides that the complaint must contain “a statement of the facts constituting a cause of action in ordinary and concise language, ” plaintiff may set them out in two separate forms, when there is u fair and reasonable doubt of his ability to safely plead them in one mode only.
11. Ware v. Reese, 59 Ga. 588. Assumpsit for the alleged breach of a contract to sell land, for which defendant was to pay plaintiff $500. Plaintiff afterwards added a count on a quantum meruit. Defendant, demurred.—Held, that quantum meruit may be joined with a count in contract, for the same services ; so that in the event of failure to prove the contract, recovery may be had upon the quantum meruit.
12. Stearns v. Dubois, 55 Ind. 257. Complaint for the price of land, in three paragraphs, two on special contracts, and one on the quantum valebant.—Held, upon appeal, that plaintiff had a right, under the quantum valebant, to introduce evidence in chief as to the value of the property conveyed, and further, that the same cause of action may be stated in several different forms, in as many different paragraphs of a pleading, in order to meet every probable phase of the evidence to-be given thereunder.
13. Embry v. Palmer, 107 U. S. 3. Plaintiff as administrator sued in the Supreme Court of the District of Columbia, to recover compensation for professional services rendered by the intestate. Plaintiff obtained judgment. Subsequently plaintiff brought an action on such judgment in Connecticut, where defendants resided. Thereupon defendants filed a petition to restrain plaintiff from prosecuting the action- ■ in Connecticut, alleging that plaintiff had formerly instituted an action for the same services upon a special contract calling for $2000 only, and that defendants repudiated the contract, whereupon the action was discontinued. The present action was based on a quantum meruit, plaintiff ignoring the special agreement.—Held, that plaintiff’s course in declaring in a quantum meruit, and recovering on the quantum meruit a sum larger than he claimed under the special contract, was neither inequitable or fraudulent, although defendants had allowed themselves to suppose that the count on quantum meruit would not be relied on.
*337 14. — with variance in amount.] Where a count on a special contract is joined with a count on quantum meruit for a sum specified, much less than what appears due by the special contract, the plaintiff is not, if the demand of damages be sufficient, concluded by the amount specified in the count on a quantum meruit, even though that be founded on a previous delivery of a bill of items. The general demand of judgment is enough to give due notice of all that is claimed, not exceeding that amount, and in the absence of any assurance on the part of plaintiffs they are not estopped by the bill of items. Id.
15. Rhodes v. Pray, 36 Minn. 392 ; s. c., 32 N. West. 86. Action on two due bills. Defendant’s answer admitting non-payment, but alleging that they were memoranda of an oral contract, and non-performance of a condition precedent therein, plaintiff amended by alleging as a separate cause of action, a specific promise to pay an agreed price for the land which was the consideration of the notes, and as another separate cause of action a promise to pay the reasonable value of such lands.—Held, proper to refuse to compel plaintiff to elect at the trial. The question is in the discretion of the trial court.
16. Agreement and quantum meruit.] Gardner v. Locke, 2 N. Y. Civ. Pro. R. (Browne) 252. Action for work, labor and services. The complaint alleged “ that said services were reasonably worth the sum of $1000, which defendant promised and agreed to pay to the plaintiff.” Motion to make more definite and certain.—Held, that '* plaintiff seeks to recover not only on a quantum meruit but on special agreement for the same work,” and that he must elect. [Unsound. But defendant might have moved to compel separate statement.]
17. American Dock & Imp. Co. v. Staley, 40 Super. Ct. (J. & S.) 539. Action to recover wharfage. One count was on an agreement to pay at specified certain rates. A second count was on an agreement to pay so much as it was reasonably worth. On the trial defendants moved that plaintiff elect, and motion was denied. Judgment affirmed, holding that the motion should have been made before the cause was called for trial.
18. Acceptance and promise to accept.] Brinkman v. Hunter, 73 Mo. 172. Plaintiffs sued upon a written promise to pay a draft. The petition contained two counts; in the first the writing was declared on as an acceptance of the draft; in the second, a breach of promise to accept, was alleged.—Held, on motion to compel plaintiff to elect, that plaintiff was not bound to do so. That the provision of the Code requiring plaintiff to set forth “ a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition,” did not prohibit the statement of a single cause of action in different *338 counts, for the purpose of so varying the form as to meet any possible state of the proof.
19. Policy; and, promise to insure.] Velie v. Newark City Ins. Co., 12 Abb. N. C. 309 ; s. c., 65 How. Pr. 1 (1883). (Now the leading case). Action to recover insurance money. The complaint stated two grounds or reasons for defendant’s liability, one that it issued its policy against fire ; and the other that, by its agents, it promised and contracted to insure plaintiff against fire and to issue its policy therefor. Motion to elect. Refused. Westbrook, J. in the opinion shows that, where there are several distinct and separate lines of fact tending to give one relief, and when the court can see that different averments 1 are proper to meet an emergency of the trial, it is unjust to limit the " pleader to any one of them. A jury, too, may be divided as to which set of facts is established, and, at the same time, unanimous as to the right of recovery. If, in such a case, election is compelled, justice may fail. A defendant may present as many defenses as he may have, though apparently inconsistent, and no good reason is apparent why a plaintiff may not present as many statements of distinct lines of fact as he has, or supposes he has, giving him the right to one relief. The right to bring a second action on the same subject matter, though for a different cause, is more than doubtful ; but if it were not, why should he fail to obtain relief at the first trial, as he might have done were he allowed to state his whole case.
20. Universal Life Ins. Co. v. Devore, 17 Ins. L. J. 123. Complainant’s bill set forth two distinct causes of action,—one upon a policy actually issued, in which it was claimed that default in payment of a premium was excused by the Company’s insolvency; the other as upon a policy that ought to be issued in its stead.-—Reid, upon demurrer, that the plaintiffs must elect whether they will sue on the old policy or claim under the new paid-up policy which ought to be issued in its stead. The two claims were inconsistent, and could not both co-exist.
[This decision should have been the other way, unless essential allegations were absolutely inconsistent with each other as matter of fact; in which case plaintiff should have made one cause of action with alternative allegations ; compare cases 19 and 84.]
21. Contract and promise to pay.] Greenfield v. Mass. Mut. Life Ins. Co., 47 N. Y. 430. A complaint, adding to allegations stating a sufficient cause of action for a specified sum, a further allegation that the defendant promised to pay that sum, cannot be regarded as founded on an account stated for the purpose of excluding, under a general denial, evidence controverting any fact previously stated on the theory that *339 to overreach and impeach an account stated, the facts relied on must be specially pleaded.
22. Causes of action inconsistent in theory only.] Krower v. Reynolds, 99 N. Y. 245; rev’g 19 Weekly Dig. 383. A plaintiff may allege several causes of action which the statute regulating joinder of actions does not exclude from being joined although they are in legal theory inconsistent, if there is not necessarily an absolute inconsistency in point of fact. (Action on contract, and judgment subsequently recovered on the contract.—Held, that the fact that the judgment merged the contract, was not decisive of the question whether a recovery on the contract without proof of the judgment could be sustained).
23. Contractand account stated thereon.] Greenfield v. Mass. Mutual Life Ins. Co., 47 N. Y. 430. Action on life policy alleging death and notice and proofs, and also promise of the company to pay the sum claimed to be due. The answer put in issue the claim on the policy.—Held, that under the complaint the plaintiff was bound to prove the policy, and could not exclude evidence on the ground that the action was based on the account stated. Grover, J., said, “The answer was sufficient to entitle the company to prove that that policy had terminated by lapse of time prior to the death of the assured. This being so, the plaintiff had no right, upon the trial, to substitute for the cause of action set out in the complaint, one founded upon an account stated, and base a recovery upon the latter cause, thereby excluding evidence of a defense, for the reason that the answer did not set up, affirmatively, some error of fraud in the statement of the amount. If the plaintiff relied upon any such ground for recovery, the complaint should have been amended, setting up such a cause of action, and this would have entitled the defendant to amend his answer setting up his defense.”
24. Williams v. Freeman, 12 Civ. Pro. It (Browne) 334. Complaint by master and part owner of vessel, for his share of vessel’s earnings, set forth a claim on account stated, and also a cause for account of moneys received by defendant as joint owner.—Held, that the failure to prove the latter cause would not prevent the plaintiff from maintaining the action on the former ground.
25. Albrecht v. Gies, 33 Mich. 389. Assumpsit on the common counts for work done under a contract. Plaintiffs furnished a bill of particulars in which they confined themselves to a recovery on an account stated. Evidence as to the work, etc., was not admitted becaiise of defendant’s objection that plaintiff sought to recover on an account stated. The jury found for plaintiffs. Defendant insisted on appeal that there was no evidence of an account stated.—Held, that the finding of the jury was conclusive, and that defendant could not complain *340 of the exclusion of his evidence as to the work not having been done-by reason of the position he had taken on the trial.
26. In Bouslog e. Ganett, 39 Ini. 338, the complaint contained an allegation of an “account stated.”—Held, that under such an allegation, an admission not liquidating the amount of the debt was not' admissible, though it might be received in an action on the original consideration.
27. Goings v. Patten, 1 Daly, 168. Defendant pleaded an account stated. An order was made, on plaintiff’s application, precluding defendants from giving any evidence of the account, and the items-thereof stated in defendant's answer, except so far as it might be necessary to establish the single defense of an account stated, “ it. being alleged that that is the only defense sought to be interposed."— Held,, upon appeal, that the order was proper. That it would have been entirely consistent with the defense of an account stated, for defendants to have furnished a copy of the account, upon which they meant to rely in the event of their failing to prove the stating of the account. Electing not to do so, they were precluded from giving any evidence to that effect.
28. Successive promises. Dunning v. Thomas, 11 How. Pr. 281. Breach of promise of marriage. Four counts were pleaded:—1st, a, promise to marry plaintiff upon request ; 2nd, generally a promise to marry ; 3rd, a promise to marry in a reasonable time; áth, a promise to marry when defendant should be disengaged from another, and alleging that he was disengaged. Motion to set aside the complaint, or that plaintiff elect, opposed on affidavit that each of the promises had been made.—Held, that the motion should be granted with liberty to amend. That a statement in different forms to guard against variance is no-longer necessary, the trial court having power to allow amendment when required by the ends of justice.. The subsequent promises were-only modifications of the contract which preceded them.
29. Walsh v. Kattenburgh, 8 Minn. 127. The complaint alleged the-performance of work and labor on certain logs for one Casey, and a valid lien, under the statute, upon the same. That Casey sold the logs to-defendant. Several and distinct promises by defendant to pay for the work and labor, were set forth in the complaint. Defendant- moved that plaintiff be required to elect upon which of the promises he would proceed.—Held, a plaintiff may plead as many promises as he has to pay the debt, if all are valid ; if some are void, an election is compellable. A promise to plaintiff and á promise to Casey to pay plaintiff the same claim, being on property bought by defendant of Casey, may both be declared on.
*341 30. Renewal notes.] Winsted Bank v. Webb, 39 N. Y. 325; affi’g 46 Barb. 177. Action on notes, and renewal notes given by same defendant on surrender of the first.—Reid, that it was for but one and the same debt ; and if plaintiff pleads both he need not allege which he relies on ; and if he admits that the renewal notes were usurious, he can recover on the cancelled ones ; and it is error to nonsuit him on these facts.. Woodruff, J., says, “ It is not essential that the plaintiff should determine by allegation, whether it is by force of the first six notes, or by force of the second six, that he makes his claim. If, upon the whole transaction stated in the complaint, it is clear that the plaintiff is entitled to have of the defendants a sum of money specified, there is a cause of action.”
31. [ Contra, where the complaint did not show that the renewal notes were due before the suit was commenced] Williams v. McAllister, 23 Weekly Dig. 97. (Here the court add that it is at least questionable whether anything short of a defense of usury interposed and maintained by defendant in an action on the 2nd note, would invalidate it so as to restore plaintiff’s right of action on the first note or the debt evidenced by it.]
32. Covington First Nat. Bank v. Gaines (Ky. 1888), 10 Ky. L. Rep. 451; s. c., 9 So. West. Rep. 396. Declaration on renewal notes. Plea non est factum. The Court instructed to find for defendant. Plaintiffs contended that upon the renewal being determined invalid they should have had judgment on original notes.—Held, not so, under their pleading. If they had amended, by confessing and asking judgment on original notes for balance ; or alleging lack of knowledge, and alternatively praying judgment, or had dismissed and sued on original notes, they might have had judgment.
33. In Matthews v. Copeland, 79 N. Car. 493, an action for breach of an official bond, it appeared that the officer, being re-appointed to the office, had renewed his bond in the same amount, and with the same sureties. Plaintiff declared upon and alleged a breach of both bonds. Defendant demurred for a misjoinder of causes of action.— Reid, that there was no misjoinder, for the liability is the same of whichever one the breach is, and the effect is as if there had been one bond for double the time.
34. Promise implied on several grounds.] Everett v. Conklin, 90 N. Y. 645 ; s. c., 15 Weekly Dig. 540. A complaint by the maker of a note against the payee, alleging that it was given as an accommodation note, with an agreement that the amount might, if the maker desired, be applied on a contract he had made to purchase land of the payee ; that the latter was unable to convey, wherefore, plaintiff rescinded, but was compelled to pay the note to a transferee of the *342 payee.—Reid, to state but one cause of action,—for money had and received.
35. Contract with principal and with agent.] Milliken v. Western Union Tel. Co., 110 N. Y. 403; rev’g 21 Super. Ct. (J. & S.) 111.
Demurrer overruled, because the facts stated showed that defendant was liable either on the theory of a contract with plaintiff at one end of the line, or with his agent at the other.
36. Implied contract, and express contract as to same claim. Packard v. Reynolds, 100 Mass. 153. Action on account containing-three items. On hearing before an auditor plaintiff claimed a right to-recover on all three items on an implied contract, and upon the first item on an express contract made with defendant's wife in his absence. Motion for plaintiff to elect was overruled by the auditor, and exception-taken. Exception overruled. The opinion took the ground that though the cause of action was one in the declaration, yet on the trial-there were three distinct causes of action in issue to be heard. The-evidence of the wife as to an express contract affecting the first item n as admissible, and so was testimony as to one implied contract in all the items.
37. Damages for breach ; and implied promises to repay money got by fraud.] Murphy v. McGraw (Mich. 1889), 41 N. W. 917. A count in assumpsit for breach of warranty, and another for the recovery of' money paid without consideration, which sets out that the property purchased was wholly worthless, and false representations of the defendant which were relied upon, are not inconsistent, and plaintiff cannot be compelled, to elect between them. Declaration contained two special counts. 1st, alleging the warranty and its breach, and the 2nd, alleging-the warranty and the particular circumstances constituting its breach, and the actual worthlessness of the horse, making a case for money paid without consideration. After jury sworn, defendant objected to-any evidence on the ground “ that the two counts, if they are in assumpsit, are inconsistent with each other, and the plaintiff should, elect upon which he will proceed ; the first being on express contract, and the second on an implied one.” Overruled.—Reid, correct; that the-counts were not inconsistent. Plaintiff could have recovered money paid without consideration under the common counts.
38. Freer v. Denton, 61 N. Y. 492. A daim to recover money paid-on contract rescinded for fraud, may be joined to one to recover the-same for refusal to perform. The fraud in such case does not alter the • fact that the cause of action is on the contract implied by law ; and though the fraud be alleged in the same count with the refusal, it need.! not be proved.
*343 Seymour v. Lorillard, 51 Super. Ct. (J. & S.) 399. Complaint contained two causes of action, one for damages for false representations, to wit, that a certain yacht did not leak ; one for breach of warranty, to wit, that defendant falsely warranted that said yacht did not leak. —Held, that a motion to compel an election between the two causes of action was discretionary, and was properly denied, where practically all the facts would be in evidence under either cause of action.
39. Contract; and judgment therein.] Krower v. Reynolds, 99 N. Y. 245. It is not improper to allege in a complaint the consideration or original indebtedness by way of inducement, preliminary to the allegation of a judgment thereon forming the cause of action, even though such original consideration was merged in the judgment. [Dictum by way of reaching the conclusion that the action was not intended to be on the original consideration, because it was not sufficiently alleged to stand alone as the cause of action.]
40. To the same effect.] Thompson v. Minford, 11 How. Pr. 273. Where plaintiff has a good cause of action, but it is uncertain in which of two forms he should sue for it, he may adopt the narrative mode of stating facts. Thus he may allege a contract on which he seeks to hold the defendant liable, and also a judgment recovered by him thereon in another State, as one cause of action; or in an action on a note, in which it maj' be that defendant could show some usury, he may set forth also the original consideration of the note; thus stating the origin of the first indebtedness, and the securities or evidences of debt subsequently taken for it, claiming still only one payment for the whole.
41. Teel v. Yost, 56 Super. Ct. 456 ; s. c., 22 State Rep. 415 ; 5 N. Y. Supp. 5. The complaint set out in full a promissory note given in Pennsylvania, and further alleged that the plaintiff entered judgment thereon in a Pennsylvania court and under Pennsylvania law,—that the plaintiff was the owner of the judgment, and that neither the note nor the judgment had been paid.—Held, that there was but one cause of action, and that upon the judgment; and to entitle plaintiff to recover, he must prove a valid judgment. [Citing Krower v. Reynolds, 99 N. Y. 248.]
42. Gates v. National Hardware Co., N. Y. Marine Ct., Chamb., Oct. 13, 1881. The first six counts of the complaint set out a complete cause of action upon a past due promissory note made by defendants. The two remaining counts set out a judgment recovered thereon in Michigan. Both represented the same debt, which plaintiff sought to recover. Motion by defendants to compel plaintiff to elect.—Held, that the motion should be granted. That the complaint was open to the objection that pleadings must not be double, that is, the declara *344 tion must not, in support of a single demand, allege several distinct matters, by any one of which the demand is sufficiently supported. [Unsound : see cases above.]
43. Contract and award thereon.] Walters v. Continental Ins. Co., 5 Hun, 343. The complaint set forth a loss under a policy of fire insurance. It also alleged that defendant agreed to give $3,800 in settlement. And that further, plaintiff demanded under the terms of the policy to have the loss fixed by arbitrators, which was refused, and plaintiff then selected arbitrators, after notice to defendants, who found the damages to be $3,800.—Held, proper to deny a motion to compel plaintiff to make complaint more definite and certain by stating an alleged cause of action on the policy separately from an alleged cause of action on a special agreement, and separately from an alleged cause of action on an award. No opinion reported.
44. Straus v. Heyenga, 5 N. Y. St. Rep. 37. Complaint alleged that plaintiff and defendant entered into a co-partnership agreement, by which it was provided that in case of the dissolution of the firm before a date specified, plaintiff should receive the amount of capital he contributed, and a portion of the profits. That the firm dissolved before the date specified, and that the differences were submitted to arbitration and an award made. The latter allegation was denied by the answer, and no proof thereof was given. Defendant claimed that plaintiff having made such an allegation was precluded from obtaining relief in an action for accounting.—Held, upon appeal from judgment in plaintiff’s favor, that the complaint was sufficient, outside of the allegation as to an award, to permit plaintiff to recover on contract alone.
45. ■ Conflicting versions of the same transactions.] Blank v. Hartshorn, 37 Hun, 101. The first count of plaintiff’s complaint alleged that between certain dates plaintiff pastured, took care of, and furnished hay and other feed for fifty-two head of cattle belonging to defendant at defendant’s request; the second count alleged that plaintiff pastured a like number of cattle belonging to defendants, under a special agreement by which defendants agreed to take the cattle to New York and sell them, and. after deducting the purchase price, to pay plaintiff two-fifths of the proceeds. The third count alleged a like agreement made between defendant and one Peters, and that Peters assigned to plaintiff.—Held, on appeal from an order compelling plaintiff to elect, that the three counts related to the same transaction, and it was error to compel plaintiff to elect. That plaintiff having averred that it would probably be a question on the trial whether plaintiff can claim under the contract, as the undisclosed principal of Peters, or as his assignee, the third count should be allowed to stand to enable plaintiff to present the several lines of proof upon which he *345 relies. . That the defendants should not be harmed by this disposition of the matter ; and they might interpose as many defenses as they had to each cause of action, in the same manner and with the same effect as if such cause stood alone.
46. Jones v. Palmer, 1 Abb. Pr. 442. Action for value of goods delivered. One count averred that defendant agreed to send plaintiff certain goods for merchandise delivered to him by plaintiff, and nondelivery. Another count alleged a sale and delivery of samé merchandise for a certain sum on defendant’s request, and non-payment.—Held, on motion to strike out one of the counts, that under the Code requiring statement without “unnecessary repetition,” a defendant may set out the facts in two separate forms, provided there is a fair and reasonable doubt of his ability to safely plead them in one mode only. [If the allegations of fact were absolutely inconsistent, the better way to plead would be as in Everett v. Conklin, case 84.]
47. Brinkman v. Hunter, 73 Mo. 172. Action on written promise to pay a draft. One count declared on the writing as an acceptance; the second was for damages for breach of the promise contained in the writing.—Held, no error. That the provisions of the Code requiring a plain and concise statement of facts, without unnecessary repetition, does not prohibit the statement of a single cause of action in different ■counts, so as to meet any state of the proof.
48. Birdseye v. Smith, 32 Barb. 217. Plaintiff, as receiver of an insolvent insurance company, sued on a note given to such company. In one count the note was stated to be executed to the company as a part of its capital stock; in a second count, as given for a premium on .a policy.—Held, upon appeal from order requiring election that such ■statement was not unnecessary repetition. Where statements differ ■materially in substance, but cannot mislead defendant, and are only inserted to guard against defects of testimony, they should be allowed to stand. [A well considered case, and characteristically excellent ■opinion by W. F. Allen, J.]
49. Conflicting mews of the relations between the parties.] Whitney v. Chicago & N. W. R. R. Co., 27 Wis. 327. Plaintiffs in their com.,plaint averred that they had shipped two lots of goods at different times over defendant’s road to Chicago, and had never received them .at that place. The complaint contained counts charging defendant in -each case with default as carrier, and others charging loss through its negligence as warehouseman. Defendants moved that plaintiffs be required to elect.—Held, where plaintiff cannot know before the evidence is all in, the precise nature and limits of defendant’s liability, he *346 may state Ms cause of action variously in different' counts, and should! not be called upon to elect.
50. Tarbell v. Royal Exch. Shipping Co. 110 N. Y. 170. Plaintiff' sued on a contract of affreightment, made by defendants. The action! was tried both upon the theory of defendants’ liability as carriers and their liability as warehousemen. No objection to this was taken upon' the trial.—Held, that the objection should not be made upon appeal.
51. Stearns v. Dubois, 55 Ind. 257. Complaint pleaded both the-liability of defendant as common carrier and as warehouseman. Defendant demurred. Plaintiff argued that he was unable to ascertain whether defendant’s liability as common carrier had ended and that of" warehouseman had begun or not.—Held, that under such circumstances,, plaintiff should be allowed to plead both ways.
52. Several acts causing same injury.) Chicago & Alton R. R. Co. v. Smith, 10 Ill. App. (Brad.) 359. Action for damages by fire caused' by sparks from locomotive. It was objected that the declaration contained but two counts “ each alleging a single burning,” and that plaintiff could not prove more than that number of fires as a basis of" recovery.—Held, that if plaintiff offered evidence clearly proving more injuries, the court might, in a proper case, require him to elect which he would rely upon, or might advise the jury by instruction ; but this would not be within the discretion of the ‘court, which would be-exercised mainly to simplify the issues and avoid delay.
53. Several modes of causing same injury.] Brown v. Carbonate Bank of Leadville, 34 Fed. Rep. 776. Action to recover the value of notes belonging to a bank of which plaintiff was receiver. One count of the complaint alleged that defendant took them from an officer of" the bank with knowledge that he had surreptitiously taken them from its vaults, and a second count alleged their transfer to defendant by the-bank, in contemplation of insolvency, and to prevent their application! in the statutory way.—Held, on demurrer, for misjoinder, that the complaint stated but one cause of action. But even if there were two separate causes of action for the recovery of- distinct assets, each cause off action would rest on an implied promise to pay, would be similar in-nature, and hence joinable.
54. Kearney v. Farrel, 28 Conn. 317. Action fo.r nuisance. First count alleged nuisance to consist of a privy and pig-sty; the second count, of the pig-sty only. Defendant claimed that since the sty was alleged to be a nuisance in both counts and privy only in first, jury should not pass upon allegations in first count as to sty, but only as to privy, and consider sty under the second count only.—Held, on. motion by defendant for new trial that jury may return a general ver *347 diet, and pass on all the allegations in declaration, and find for plaintiff, if he sustains any of the allegations showing a cause of action. If defendant desired a separate issue as to the privy, he should have so pleaded, or should have asked special questions to be put to jury.
55. Davis v. N. Y., L. E. & W. R. R Co., 110 N. Y. 646. Action to recover damages for personal injuries. Complaint charged that defendant was negligent in failing to furnish suitable locomotive, that the one furnished was defective, by reason of which an explosion occurred. An amendment to the complaint was allowed by inserting averments that the fuel furnished was unfit, and by reason of this, the boiler became defective and the explosion occurred. —Meld, on appeal, that the allegation added did not constitute a new or different cause of action.
56. Lancaster v. Conn. Mutual Life Ins. Co., 1 Am. St. R. 739. Action for injuries to plaintiff’s building resulting from fall of a wall erected by defendant. One count of the petition stated that defendant erected a brick wall so as to abut against á party wall, and that it was done in so negligent a manner as to cause the support to give way, and the wall to fall on plaintiff’s building. A second count stated that defendant erected the wall in such a manner as to bear with great weight upon a girder which was negligently inserted in the party-wall, without providing ' sufficient supports therefor; and that defendant employed incompetent and unskilled labor. Upon the trial, the jury found for plaintiff on the first count in the sum of one dollar ; and on the second count, for*a larger sum.—Meld, upon motion to arrest judgment because there were two verdicts for the same cause of action, that plaintiff might state the same cause of action in- different counts. That while regularly there should have been either a general verdict or a verdict on one of the counts only, yet defendant was not prejudiced, as the jury evidently intended to award substantial damages, and this they did on the second count.
57. Several statutory grounds.] Barber Asphalt Paving Co. v. Cogreve (La.) 5 So. 848. Action for two-thirds of the contract price of laying pavement in front of defendant’s premises. Before going into the trial defendant’s counsel called on plaintiff’s counsel to elect according to defendant’s interpretation of his petition upon which of two statutes he relied on -, and plaintiff’s counsel replied that in support of the validity of his contract as to form, he relied upon one statute, and so far as the proportion of payments to be made by the property holders was concerned, and for his remedies, he relied upon the other.— Meld, upon appeal from judgment in favor of plaintiff, that as plaintiff’s counsel entertained the opinion that the provisions of the two acts were *348 not inconsistent, they had a perfect right to urge them alternatively, and their right to do so could not be tested by a dilatory exception [demurrer],
58. Sipperly v. Troy & Boston R. R. Co., 9 How. Pr. 83. Action for damages caused by not removing obstructions in highway. There were four counts, two for each obstruction. In each case one count was under the railroad act, requiring the road to restore highways to their former state, and another under a statute providing for the forfeit of treble damages. Motion to set aside complaint for irregularity or to strike out part of the counts.—Held, that the motion to set aside should be granted. That plaintiffs from their own showing had but two causes of action, and that pleading the four counts was “ unnecessary repetition.”
59. Parker v. Rens. & Sara. R. R. Co., 16 Barb. 315. Action to recover damages for injuries to plaintiff’s property. Complaint merely alleged that the injury was occasioned by neglect to construct cattle guards under L. 1840, c. 140. The proof showed that the injury was occasioned by neglect of defendant to fence.—Held, on appeal from judgment in favor of plaintiff, that the complaint should have alleged the omission to fence, and the judgment should be reversed.
60. Crumbly v. Bardon, 70 Wis. 385; s. c., 36 N. West. 19. Action to recover penalty for refusing to discharge a mortgage. After stating facts intended to bring the case within the statute, but showing a tender only, and not payment, the complaint contained a further allegation that defendant was indebted to plaintiff in the sum of $100, according to the provisions of Rev. Stat. § 2256. Defendant demurred on the ground that the last allegation stated a separate cause of action.—Held, that demurrer should be overruled. That such allegation could not be construed as stating a separate cause of action. It was simply a further allegation.
61. Armstrong v. Wing, 10 Hun, 520. Action for breach of covenant. The complaint stated that defendant was the heir-at-law of one A, deceased, who executed the covenant for the breach of which the action was brought. The complaint also alleged incidentally, but not as a separate cause of action, that defendant received considerable personal estate, as next of kin, of said A. Complaint dismissed.—Held, on appeal, correct; that a defendant cannot be charged both as heir-at-law and next of kin in the same count of a complaint.
62. Stockwell v. United States, 3 Cliff., 284. Action of debt to recover certain duties. The complaint contained two counts: one for certain duties which the defendant had become liable to pay, by reason of alleged illegal importations; the other claiming double value, *349 for the alleged, secretion of the goods imported.—Held, not error to refuse to instruct that plaintiff could not join in the same action a count for the double values with a count for the duties ; for the same judgment might be given and the same plea be pleaded of the two counts ; and wherever such is the case, the counts may be joined in the same-declaration.
63. Penalties.] Loveland v. Garner, (Cal. 1887) 12 Pac. Rep. The complaint alleged several distinct violations of a statute, and demanded as many penalties as there were violations.—Held, on demurrer, that as the statute in terms provided for but a single penalty of $1,000, no-other or greater sum could be recovered, although violations of the statute may have been frequent. But it does not follow from this that plaintiff might not join together in one count several of such alleged violations, and prove any one of them in his power, as they constitute separately or together but one cause of action.
64. Common lam ground; and statutory ground.] State ex rel. Attorney General v. Milwaukee, L. S. & W. R. R. Co., 45 Wis. 579. Information to have a forfeiture of defendant’s charter adjudged. The information contained several grounds for forfeiture, viz., the principal office of the defendant in another State, its keeping its records there, and the fact that its officers reside there. Defendant demurred on the ground among others, that there was a misjoinder of several causes of action.—Held, that the several particulars of defendant’s abuse of its franchises alleged in the information, were not distinct causes of action;; but even the joinder of distinct grounds of forfeiture are not in quo warranto misjoinder, though part are statutory and part common law grounds.
65. Scott v. Robards, 67 Mo. 289. Plaintiffs, grantors in a deed of trust, sued defendant, trustee and holder of the notes secured by the deed, for refusing to release the lands covered by the deed after the payment of the notes. The petition stated that plaintiffs were thereby prevented from selling the lands at good prices, and ad interim, the lands had depreciated to plaintiff’s damage $1,000, that plaintiffs were unable to meet their liabilities, so that the lands were sold under executions, to plaintiff’s damage, $500; that by virtue of the statute, defendant had become liable to pay plaintiffs ten per cent, on the notes. There was but one prayer for judgment, for the aggregate damages and the penalty. —Held, on demurrer, that the complaint was bad for misjoinder. The first two sub-divisions of the petition were actions at common law. Whether denominated one or three counts the damages claimed in consequence of the refusal to release, were recoverable, if at all, at common law. Another sub-division proceeded for a penalty pre *350 scribed by statute. That there were no separate counts, but three subdivisions of one count, making two causes of action joined in one ■count. That it was no answer to say that the precise facts which constituted the cause of action at common law, also constituted the cause ■of action under the statute. In the one case the recovery is limited to ■the penalty, in the other, to the actual damages, which might be greater or less than the penalty.
66. Wiles v. Suydam, 64 N. Y. 173. The complaint stated the requisite facts to .charge defendant as a stockholder of a manufacturing corporation, with a debt of the corporation, because of a failure 'to make and record the certificate required by statute, and also alleging .the requisite facts, to charge him as trustee, with the debt, because of failure to file an annual report.—Meld, on appeal, sustaining demurrer, that the complaint contained two causes of action which were improperly united. That although the object of the action was the same, viz., the collection of the debt, the liability and the ground of it were distinct and unlike. The first causé of action was one on contract, the second upon a statute for a penalty, and they did not arise out of the same transaction.
67. Pearson v. Milwaukee & St. Paul R. Co., 45 Iowa, 497. Action for damages for killing plaintiff’s colt. The petition contained two counts. The first averred that the colt was killed at Luana station, through -.the negligence of defendant, and that plaintiff was damaged thereby §300. The second count averred that the colt was killed at a point ■where defendants had a right to fence, but had not fenced; that plaintiff had served a notice of a claim in due time, and in said count plaintiff prayed judgment for $400. The petition stated that the two counts related to the same cause of action.—Meld, on motion to compel plaintiff to elect, that under the Code the same cause of action might be pleaded in different counts, as at common law.
68. Mosely v. Moss, 6 Graft. ( Va.) 534. In an action for insulting words in Virginia, plaintiff must declare under the statute, and such a cause of action cannot be blended with one for defamation at.common law. The court say: “ There are essential points of difference affecting both the pleadings and the evidence between an action for defamation on the one hand, and an action for insult on the other ; and that to ignore these distinctions would lead to the utmost perplexity and confusion.”
69. Common law grounds; equitable grounds.] Phillips v. Gorham, 17 N. Y. 270. (The leading case). Action for recovery of land. The complaint stated plaintiff’s title as heir of W. P. and averred that ■defendant being in possession, claimed the ownership by virtue of a *351 pretended deed from said W. P., and charged that said deed’ xvas fraudulently ’obtained by defendant, and was without consideration. The answer denied holding under a fraudulent deed and averred title under a good deed from W. P. The reply alleged that at the time of making the deed to defendant, W. P. was of unsound mind, and that it was obtained by means of threats and false promises, etc.—Held, upon appeal from judgment in plaintiff’s favor, that the right to interpose an equitable defense to a legal claim was well settled. That plaintiff had a right to attack the deed under which defendant claimed title, both upon legal grounds and upon such as before the Code were of purely equitable cognizance. That so far as substance is concerned a complaint needs only to contain facts to constitute a cause of action, recognizing no distinction of causes of action into legal or equitable.
[This case deserves to be followed more fully than it has been. The only sound objection to its doctrinéis that a plaintiff cannot by ignoring the distinction prevent defendant from having his right as to the mode of trial. That right is secured and the objection met, not by holding the pleading bad but by entertaining defendant’s objection to be brought to trial without a jury if a cause of action of a legal nature is alleged.]
70. Oakville Company v. Double Pointed Tack Co., 105 N. Y. 658; s. c., 7 Cent. Rep. 720. Action to reform contract for mistake. The trial court found on sufficient evidence as matter of fact, that no mistake existed, the substantial purpose of the action being thereby defeated.— Held, upon appeal, that plaintiff could not raise the further question of the construction of the contract and insist that its true meaning is precisely what it would have been if the instrument were reformed as asked. That such a question was a purely legal one and did not belong to the equitable action. No ground existed for the interposition of equity. [Compare next case.]
71. Incidental equitable relief,!] Weinberger v. Merchants’ Ins. Co. (La. 1888), 5 So. 728. Plaintiff's petition prayed apparently that the policy be reformed by striking out a printed clause prohibiting the use of Texas and Mexican ports, or that judgment be given on the policy for the amount demanded. Defendant moved to compel plaintiff to elect whether they would proceed on the demand to reform or on the policy itself. Motion overruled. —Held, correct. That there was no inconsistency in the prayers. If the allegations in a petition warrant equitable relief and the right is shown, the court will grant it. [Compare previous case.]
72. Welch v. Platt, 32 Hun, 194. The complaint alleged, as a first cause of action, an usurious loan of money, and the execution and delivery of a chattel mortgage to secure it; that the mortgage was void and that it should be cancelled. As a second cause, it set forth that *352 plaintiff owned certain articles of personal property included in the said mortages; that defendant, without process of law, wrongfully took this property and unjustly detained it.—-Held, on appeal from order sustaining a demurrer, that the complaint set forth but a single cause of action, for the taking and conversion of the,property. That the statements as to the loan and chattel mortgage were made to disclose plaintiff's title to the property, and amounted simply to an allegation of ownership. Order reversed.
73. Zimmerman v. Kinkle, 108 N. Y. 282. The complaint alleged that upon settlement with the surviving partners of-a co-partnership, of which plaintiffs’ testator was a member, plaintiffs executed with defendant K. as surety, a bond conditioned that obligors would “ keep inviolate all the transactions of such co-partnership.” That K. received from plaintiffs $5,000 of trust moneys in their hands, to be re-paid when his obligation ceased; that said bond was for no consideration, and was wrongfully extorted, and was for an immoral purpose. The relief demanded was a cancellation of the bond and a restoration of the $5,000.—Held, on demurrer, that the complaint did not improperly join two causes o£ action That it narrated a single transaction in which all parties were concerned, and while more than one cause might appear entitling plaintiffs to the relief sought, they only represented acts by the commission of which the right to relief was sought.
74. “ Same transaction.”] Whether under the New York statute, claims arising out of the same transaction can be joined in all cases, and, not merely when they are not included in any of the subdivisions which describe the classes of joinable claims ; Query ? Affirmative, Polley v. Wilkinson, 5 Civ. Pro. R., 135. Negative, Teall v. City of Syracuse, 32 Hun, 332, Sullivan v. N. Y., N. H. etc., R. R. Co., 61 How. Pr. 490.
75. Allegation of substantial identity of claim.] It seems to have been held in Summerville v. Metcalf, 15 Weekly Dig. 154, that if the correctness of a ruling depends on the fact that both counts relate to the same transaction, the fact that they do must appear on the record, and if not, the appellate court will treat the ruling as erroneous. In this case respondent claimed that the fact appeared from the opening statement'of counsel.
76. Flynn v. Bailey, 50 Barb. 73. Complaint contained a cause of action for the recovery of money collected upon a judgment, and another cause of action to recover damages for an alleged false imprisonment of plaintiff. A general allegation was made that the two causes of action related to the same transaction.—Held, on demurrer, that a general allegation that the two causes of action arose out of the same transaction, *353 is insufficient to establish that fact. It should appear clearly by the pleading itself, that the cause of action arose out of tbe same transaction, by a proper statement óf facts.
77. Ford v. Mattice, 14 How. Pr. 91. The complaint contained a statement of two causes of action in two counts, both claims being for goods sold at the same time and place, and in the same amount, and with a deduction of the same credit for a payment. The demand for judgment was for one balance. Motion by defendant to set aside complaint, the court being of opinion that it is not allowable to set forth in different counts several distinct causes of action on the same indebtedness ;—Held, that where it appears from the face of the complaint, that several counts therein are really for the same thing, no affidavit by defendant is required as proof that there is but one cause of action against him. The affidavit would only state what the complaint concedes.
78. Carney v. Bernheimer, 8 Month. L. Bul. 22. The complaint contained two counts, each for precisely the same amount. The demand for judgment was but for the one sum.—Held, on motion to elect, that the court cannot infer a single cause of action from two counts, merely from the incident that the amounts are precisely the same, and the demand for the judgment is but for the one sum.
79. Griffin v. Gilbert, 28 Conn. 493. Action for injuries to land. A statute [allowed counts in case to be joined with counts in trespass for the same cause of action. The first two counts were in trespass for entry on land, digging up soil and carting stones on it. The third count purported to be in case, alleging that defendant unlawfully dug a ditch on highway, and on front part of plaintiff’s land, thus obstructing plaintiff’s passage. Various other acts were alleged. It was expressly stated that the counts were for the same cause of action.— Held, on motion in error for improper joinder, that if the third count was in case, it sufficiently appeared that it was for the same cause of action. That the acts were of the same character but more particularly set forth, with circumstances of aggravation, in third count.
80. Smith v. Douglass, 15 Abb. Pr. 266. Action for breach of contract of hiring. The complaint contained seven counts alleging distinct causes of action. Defendant moved for election, claiming that there was really but a single ground of action embraced in the complaint. —Held, that although it was quite probable that plaintiff at the trial would present but one cause of action, yet the court would not grant the motion on mere suspicion that plaintiff has not certain causes of action, when those causes have been averred in the forms recognized sufficient in pleading.
*354 81. Pearson v. Milwaukee, etc. R. R. Co., 45 Iowa, 497. A statement that the counts relate to the same cause of action was unnecessary ; and it did not vitiate the pleading.
II. Alternative Allegations and Claims.
82. Alternative source of title.] Houghton v. Reynolds, 2 Hare, 266. Bill to restrain the setting up of outstanding terms in ejectment. The bill stated that H., being or claiming to be entitled to the premises, devised them to plaintiff, and positively averred the title of plaintiff, accompanied by statements showing that his claim was founded on the devise. Defendant demurred.—Held, that there must be such certainty in the averment of the title on which the bill is founded, that the defendant may be distinctly informed of the nature of the case which he is called upon to meet. That the averments in the bill were sufficiently certain, and that the statement upon the whole represented distinctly enough that plaintiff's claim was founded on the devise.
83. Cresset v. Milton, 1 Ves. Jun. 449. Bill to perpetuate testimony as to right of common or way. Plaintiffs claimed as lessees of a manor under a lessor named, and alleged that the “tenants, etc., of the said lands in right thereof or otherwise, have, and of right ought to have, common,” etc. etc .—Held, bad on demurrer, because so general that defendant could not know the point to be examined.
84. Alternative ground for conclusion of fact.] Everitt v. Conklin 90 N. Y. 645. If objection to pleading or evidence has not been seasonably taken, a party may properly be allowed to go to the jury for a recovery on a conclusion of fact which may be sustained on either of two inconsistent grounds alleged in the alternative, and in support of which there is evidence for the jury. Both grounds may be submitted to the jury with instructions to find for the party if either is found in the affirmative. Here plaintiff sued for moneys paid, alleging that he had made for defendant an accommodation note, and had paid it; that if defendant should claim that the note was not an accommodation note but given on account of a contract between them, plaintiff had rightfully rescinded the contract, and was therefore entitled to recover in that view.—Held, proper to refuse to require him to elect whether he would proceed upon the theory of an accommodation note or that of a payment on the contract.
Pinch, J.,. says, “ Practically the plaintiff said, the defendant has got my money without any consideration, and without any legal or equitable right to retain it, and refuses to pay it back on demand ; and this is true because I made and paid a note for his accommodation, and uven if it should be found, as he is likely to claim, that the note was *355 applied on a land contract, still I insist that my cause of action remains, and the money was mine and not his, because I rescind that contract as I lawfully might, and so am still entitled to recover for money had and received. We can see no impropriety in such a mode of pleading. It states all the facts, and states them consistently with one cause of action, and one right of recovery, whether the facts out of which it arose are found to be in accord with either the plaintiff’s or the defendant’s version of them. There is, therefore, no ground for the complaint that the trial court submitted to the jury the double question whether the note was accommodation paper, and if not, and found to have been applied on the contract, whether the latter had been lawfully rescinded for the failure of the defendant to perform, so that the cause of action to recover back the money paid remained. And it follows also that the trial court was right in refusing to require plaintiff to elect whether he would proceed upon the theory of an accommodation note or that of a payment on the contract.”
85. Murray v. N. Y. Life Ins. Co., 96 N. Y. 614. Action on life policy. Defence that death occurred in the violation of the laws, viz., in an assault on the deceased. There was some evidence tending to show that the fatal shot was accidental-, other evidence tended to show that it was in self-defense.—Held, on appeal from judgment entered on verdict in defendant’s favor, that it is not necessary that a jury, in order to find a verdict, should concur in a single view of the transaction disclosed by the evidence. If the conclusion may be justified upon either of two interpretations of the evidence, the verdict cannot be impeached by showing that a part of thé jury proceeded upon one interpretation, and a part upon the other.
86. Tarbell v. Royal Exch. Shipping Co., 110 N. Y. 170, is to the same effect.
87. Chatfield v. Simonson, 92 N. Y. 209. Plaintiff sued on a contract for services. Defendant answered, pleading plaintiff’s misconduct disentitling him to recovery. As a-separare defense, defendant stated that if plaintiff established a right to recover, defendant would rely on the same matter as a counterclaim or recoupment.—Held, on appeal affirming judgment in defendant’s favor, that the pleading was proper. That the court may administer the relief to which the facts set forth in a pleading seem to entitle the party, without regard to the particular form of relief demanded. That the pleading by way of set-off did not amount to a ratification.
88. Alternative relief on inconsistent theories, or failure of part of the case.] Hardin v. Boyd, 113 U. S. 756, is the most important case, and overrules in effect earlier cases in the Federal courts less liberal in *356 their view, and will doubtless lead to overruling many cases in other jurisdictions.
In Hardin v. Boyd, heirs and administrators of a vendor of land, sued alleging that the contract (a bond to convey) had been obtained, by fraud, and that the land had not been fully paid for, and prayed that the bond be cancelled; that an account be taken of the rents and profits ; and that they have such other relief as equity might require.— Meld, error to refuse to permit them to amend the prayer, so as to ask in the alternative for a decree for the balance of purchase money and a lien to secure payment. Such an amendment was proper; it did not make a new case, but only enabled the court to adapt its relief to that-made by the bill and sustained by the proof.
It would be otherwise if the amendment required the bringing in of new parties. Distinguishing Shields ». Barrow, IT Mow. U. 8. 130.
89. The doctrine of the English chancery was thus stated in, the case of Rawlings v. Lambert, (1 J. & H. 466) by Vice-Chancellor Wood, “ The principle with regard to alternative relief I take to-be this—you have no right to allege two inconsistent states of facts and ask relief in the alternative, for the two cannot be true ; but you-have always a right to state the facts of the case, the documents and' deeds, and ask the conclusion of the court on those facts and documents, and say the court may come to one conclusion of law or it may-come to another ; and you may ask the court to come to a conclusion on the facts which you have disclosed, having stated everything that, will enable the court to form a proper judgment. You may ask the judgment of the court on two alternatives. That may be done on any bill without objections.”
Other recent cases refusing to sanction alternative relief are as-follows :
90. St. Louis, etc. R. R. Co. v. Terre Haute, etc. R. R. Co., 3 Ry. & Cor. L. J. 293. Plaintiff, nineteen years after a lease of its road, had been made, sued to cancel the lease, alleging that although originally it had supposed it to be valid, it was now advised that it was void, and its existence -adequate cause for forfeiture of charter. The relief prayed included the cancelling of the lease, and an accounting, or if it were adjudged valid, then also an account, and in either case a decree for the amount due. Demurrer.—Meld, that the pleading-was bad for multifariousness. That it contained two distinct grounds-for suit; one for rescission, on the theory that the lease was void, and. "the other for an accounting on the theory that it was valid. Such grounds are totally inconsistent with each other.
91. Bogat v. Easton, 37 L. T. Rep. N. S. 266. Plaintiff alleged' *357 that he had been induced by defendant’s misrepresentations to enter into an agreement of partnership, since which defendant had refused to continue the business, although plaintiff had proceeded to carry on the enterprise. Plaintiff prayed to have the agreement delivered up for cancellation, and re-payment of what he had paid, with damages; •or, in the alternative, that he might have the partnership dissolved, and the assets released and distributed.—Held, upon application for .an order confining plaintiff’s action to one or other of the causes of action, that the pleading was bad; that the two kinds of relief sought were inconsistent, and that plaintiff must confine himself to one or other of the causes of action in respect to which he sought rrelief.